BISHOP *v.* BAILEY, STATE TAX COLLECTOR.

Division A. Nov. 13, 1950.

No. 37633 (48 So. (2d) 588)

Dudley **W. Conner**, and **C. C. Evans**, for appellant.

Quitman **Ross**, for appellee.

**Lee, J.**

Proceedings were instituted by the State Tax Collector, under Sections 2639 and 2640, Code of 1942, against Edna

Bishop to recover the tax or penalty therein provided, to secure injunctive relief against an alleged nuisance, and for several other purposes. From a decree for the complainant, the defendant appealed.

The proof warranted the court in finding that the appellant sold a quantity of intoxicating liquor on or about December 10, 1949; that she had been previously convicted on liquor charges two or more times; and that the place operated by her, "Edna's Kitchen", had the general reputation of being a place where intoxicating liquor was sold.

Among other things, the appellant contends in her assignment of errors that she was denied a jury trial in this proceeding; that the appellee did not come into court with clean hands, because her real motive was the collection of the so-called Black Market Tax; that a court of equity should not aid in the collection of such tax; that undue discrimination was practiced against her, in that many others were not subjected to like proceedings; and that she has been denied the equal protection of the law.

We answer the first assignment by observing that the recovery of a penalty is a civil, and not a criminal proceeding. The right to trial by jury of such a matter in the chancery court does not exist. Such contention has long since been put at rest by the announcement of this Court in a like cause. It was there declared to be "utterly without merit". State v. Marshall, 100 Miss. 626, 56 So. 792.

We combine the other assignments and deal with them as a whole.

The sale of intoxicating liquor, in our State, is unlawful. Punitive sanctions or penalties are imposed against violators. Section 2613, Code 1942. Courts may require a bond to keep the peace also. Section 2596, Code 1942. In aid of the enforcement of the law, additional remedies are afforded: (1) The recovery of a $500 tax or penalty by the state and county. Section 2639, Code 1942. (2) The suppression of the place as a nuisance. Section

2640, Code 1942. And (3) the collection of the so-called Black Market Tax of 10%. Chapter 139, Laws of 1944.

██ The State Tax Collector is authorized and empowered to institute the suits mentioned in items (1) and (2), supra. The collection of the tax mentioned in item (3), supra, is the mandatory duty of the collector. In addition, Section 6 of said Chapter 139, Laws of 1944, supra, provides that: "The power and authority hereby vested in the state tax collector shall be cumulative and in addition to any other power and authority now vested in him by law". Consequently, the additional remedies were available in the collection of this tax.

██ Hands do not become unclean when exercising lawful authority and power.

The use of strong methods to collect from delinquent taxpayers whereas such force is not necessary to secure payment by others, cannot be labeled as discrimination against such delinquents. The use of every remedy available for the collection of such tax is neither immoral nor discriminatory. On the contrary, it is to be recognized that an officer, in the exercise of judgment, will make use of the most effective, available remedies.

The State's failure to prosecute some of the offenders against its laws does not exempt all others from the consequences of their acts. ██ The operator of an unlawful business, who fails to pay the tax required of him, cannot be heard to complain if other lawful penalties are exacted. Nor can he justly claim discrimination if like penalties are not imposed against others who have never defaulted in the payment of their Black Market Tax.

The constitutionality of the applicable statutes under state law is not raised. The attack goes to the alleged unfair discrimination in the enforcement of the law, and thereby invokes the Fourteenth Amendment to the Constitution of the United States. We, therefore, deal with no state constitutional question in deciding this case.

Affirmed.