Freeman (P. D.) v. Bailey, State Tax Collector

No. 39453          February 7, 1955          77 So. 2d 682

*D. Gary Sutherland,* Hattiesburg, for appellant.

*Overton A. Currie,* Hattiesburg, for appellee.

906

907

HALL, J.

The appellee brought this suit against the appellant in the County Court of Forrest County seeking to recover a penalty of $500.00 due the State of Mississippi and also a penalty of $500.00 due Forrest County, Mississippi, for the unlawful sale of intoxicating liquors, as provided by Section 2639 of the Mississippi Code of 1942. The suit was brought on the equity docket of the County Court and was tried by the County Judge without a jury, and at the conclusion he granted judgment against the defendant as prayed for. The case was appealed to the Chancery Court and the judgment was affirmed and it is now appealed here. Every question raised on this appeal has already been decided adversely to the contentions of appellant by prior decisions of this Court.

It is first contended that the County Court was without jurisdiction to try and determine this cause while sitting as an equity court.

In the case of Moore v. General Motors Acceptance Corporation, 155 Miss. 818, 125 So. 411, the Court passed upon the constitutional question now raised. We have re-examined the question, we think the decision in the Moore case was well reasoned and the point correctly decided and we see no reason to depart therefrom.

It is argued, however, that appellant was deprived of the right of trial by jury. That question was answered in the case of Bishop v. Bailey, State Tax Collector, 209 Miss. 892, 48 So. 2d 588. Moreover, the appellant, in his answer to the bill of complaint, admitted the sale of the intoxicating liquor in question, and if the case had been on the law docket instead of the equity docket of the county court, the appellee would have been entitled to a peremptory instruction and there would have been nothing in the case to be submitted to a jury.

It is also argued that the State Tax Collector is engaged in the collection of the Black Market Tax and

has not filed similar suits against persons paying that tax, and that for this reason the suit is discriminatory and the appellee did not come into court with clean hands. That contention was also answered in the Bishop case, supra. We are asked to re-examine that case, which we have done, but we see no good reason for departing therefrom.

The decision of the lower court is, therefore, affirmed. Affirmed.

*Roberds, P. J.,* and *Lee, Holmes* and *Ethridge, JJ.,* concur.