604 So.2d 1093 (1992)
Ezra TOWNER, Jr. and Mary Alice Towner
v.
Attorney General Michael C. MOORE ex rel. QUITMAN COUNTY SCHOOL DISTRICT and Mississippi Ethics Commission.
No. 90-CC-0875.
Supreme Court of Mississippi.
July 22, 1992.
*1094 Everett T. Sanders, Natchez, for appellants.
Michael C. Moore, Atty. Gen., Larry E. Clark, Asst. Atty. Gen., Jackson, for appellee.
En Banc.
ROBERTSON, Justice, for the Court:

I.
Today's appellants are husband and wife and simultaneously served, respectively, as a public school board member and school-teacher, after this Court had said this gave the board member an interest in the teaching contract offensive to our constitution. The Circuit Court found the violation and ordered the board member fined and removed from office, the teacher and the board member jointly to give restitution for the salary illegally received.
We affirm.

II.

A.
Mary Alice Towner and Ezra Towner, Jr., are husband and wife and reside at Route 1, Box 7, Marks, Quitman County, Mississippi. They were the Defendants below and are the Appellants here.
On March 16, 1988, this Court held Miss. Const. Art. 4, § 109 (1890), proscribed an employment contract wherein a public school board employed one whose spouse was a member of the board. On August 3, 1988, we denied rehearing in relevant part. Smith v. Dorsey, 530 So.2d 5 (Miss. 1988) (Smith I).[1] These dates are important, as will presently appear.
On March 21, 1988, Mary Towner was a duly elected and serving member of the Quitman County Board of Education. On that date, the board voted to employ her husband, Ezra Towner, Jr., as a special education teacher at Quitman County High *1095 School. Board minutes reflect four affirmative votes and then recite "Those absent and not voting: Mary Alice Towner." On August 1, 1988, Ezra Towner signed his employment contract for the 1988-89 school year.
Word of our original Smith decision apparently reached Quitman County shortly after it was announced. On April 20, 1988, the school board's attorney addressed a memorandum to all board members, including Mary Towner, describing Smith and stating in part:
There are several board members of the Quitman County School District who have spouses teaching in the system. As such, the Quitman County School District, according to the decision rendered in Smith, supra cannot pay the salaries of the spouses of those Board members so long as those Board members remain Board members. Otherwise, the Board must declare the spouses' contracts null and void. In light of the above, I strongly urge those Board members affected to take immediate action to rectify this situation.
Notwithstanding this notice, Ezra Towner, Jr., signed his employment contract on August 1, 1988, for the school year beginning August 23, 1988, and ending June 2, 1989, and, indeed, taught for that entire year and received a salary of $23,791.00 therefor.
The next year the board did it again. On March 21, 1989, while Mary Towner was still a member, the board voted to rehire Ezra Towner, Jr., as special education teacher for the 1989-90 school year. Board minutes reflect that three board members voted affirmatively. The vote of Mary Towner is not recorded, nor, for that matter, is it clear from the minutes she was present. Two months later the Board voted to hire Ezra Towner, Jr., as a teacher, with Mary Towner again not participating. In any event, on July 21, 1989, Ezra Towner, Jr., signed his contract for the school year August 21, 1989, to June 1, 1990, for a stipulated salary of $25,550.00.

B.
On August 4, 1989, Attorney General Michael C. Moore and the Mississippi Ethics Commission (hereinafter jointly "Plaintiffs") commenced the present civil action by filing their complaint in the Circuit Court of Quitman County, Mississippi. Attorney General Moore proceeded on behalf of the Quitman County School District, see Miss. Code Ann. § 25-4-113 (Supp. 1989). The Mississippi Ethics Commission is an agency of the state, created by act of the Legislature, Miss. Code Ann. § 25-4-5 (Supp. 1989), and acted pursuant to its duty to enforce laws prohibiting conflicts of interest. Miss. Code Ann. § 25-4-107(1) (Supp. 1989). The complaint charged that the above-described contracts were void under Miss. Const. Art. 4, § 109 (1890) and Miss. Code Ann. § 25-4-105(2) (Supp. 1989), and demanded (1) forfeiture of all sums paid to Ezra Towner under his contracts of employment, § 25-4-113, supra; (2) the removal of Mary Towner from the school board, Miss. Code Ann. § 25-4-109(1) (Supp. 1989); and (3) imposition of a civil fine against Mary Towner, § 25-4-109(1), supra.
In due course, the Towners answered and admitted the essential factual charges of the complaint, specifically including the description of the contracts noted above and the payments thereunder, save only they advised that, effective September 1, 1989, Ezra Towner, Jr., had resigned his position as a schoolteacher for the 1989-90 school year and had received no salary under his contract for that year. The Towners added, "that the defendant, Mary A. Towner, is prepared to resign her position as chairperson of the Quitman County School District Board."
On March 23, 1990, Plaintiffs filed an amended complaint without changing the material factual allegations noted above, and on April 25, 1990, the Towners answered and again admitted the relevant facts regarding board membership, teaching contracts, and compensation.
On October 25, 1989, Plaintiffs served upon the Towners requests for admissions, once more itemizing the essential details regarding their board memberships, the teaching contracts, and payments thereunder. *1096 The Towners never responded or in any way denied or even acknowledged these requests.
On April 9, 1990, Plaintiffs moved for summary judgment. They supported their motion by affidavit detailing the essential facts the Towners had theretofore effectively admitted. The Circuit Court gave the Towners full opportunity for response and a hearing thereon, and on July 9, 1990, granted the motion and entered judgment. The Court found the Ezra Towner, Jr., contract for the year 1988-89 unlawful under Section 109 of the Constitution and statutory Section 25-4-105(2). The Court invoked Section 25-4-109(1) and ordered Mary Towner fined in the amount of $2,000.00 and removed from office as a member of the school board, effective immediately. The Court further ordered that Ezra Towner, Jr., and Mary Towner, jointly and severally, repay to the Quitman County School District $23,791.00, being the salary Ezra Towner received for the 1988-89 school year, and entered judgment thereon in that amount plus interest at the legal rate.
This appeal has followed.

III.
The increasingly familiar Section 109 of this state's constitution reads, in relevant part,
No public officer ... shall be interested, directly or indirectly, in any contract with ... any district [or] county, ..., thereof, authorized by any ... order made by any board of which he may be or may have been a member, during the term for which he shall have been chosen, or within one year after the expiration of such term.
Though it be self-executing, see Mississippi Ethics Commission v. Aseme, 583 So.2d 955, 958 (Miss. 1991), quoting Frazier v. State ex rel. Pittman, 504 So.2d 675, 694 (Miss. 1987), Section 109 is not beyond elaboration, legislative or judicial varieties. The legislature has acted and has enacted Miss. Code Ann. § 25-4-105 (Supp. 1988), which reads, in relevant part:
(2) No public servant shall be interested, directly or indirectly, during the term for which he shall have been chosen, or within one (1) year after the expiration of such term, in any contract with the state, or any district, county, city or town thereof, authorized by any law passed or order made by any board of which he may be or may have been a member.
Smith I arose in Claiborne County. There, four persons who were members of the county board of education had spouses who were simultaneously under contract/paid employees of the school district. Addressing Section 109 only, Smith I upheld a lower court decision "declaring the contracts of appellants' spouses to be null and void." Smith I, 530 So.2d at 9. We take the law as settled. Section 25-4-105(2) only reinforces the point.

IV.
The Towners press a plethora of procedural points pursuing reversal. They argue that claims made under Sections 25-4-109[2] and 25-4-113[3] are separate and distinct claims which cannot be joined in one action because they require different *1097 burdens of proof, i.e., clear and convincing evidence under Section 25-4-109 and preponderance of the evidence under Section 25-4-113. The quick answer appears in our Mississippi Rules of Civil Procedure. Rule 18(a)[4] permits each of today's Plaintiffs to join "as many claims as he has against ... [the Towners]." Rule 20(a)[5] permits Plaintiffs to join both Mary Towner and Ezra Towner, Jr., in this action. All of Plaintiffs' claims, including that under Section 109 of the Constitution, arose from the "same transaction, occurrence, or series" thereof, namely, the Ezra Towner, Jr., teaching contracts authorized by the school board while Mary Towner was a member thereof.
Undaunted, the Towners argue that actions for violation of Section 25-4-105 can only be initiated by the Mississippi Ethics Commission or the district attorney as provided in Section 25-4-107, while actions for damages brought under Section 25-4-113 can only be brought by the attorney general or the governmental entity directly injured. But this is what has been done. And Rules 18(a) and 20(a) permit the joinder. The several claims ask jointly for relief, arise out of the same transaction or occurrence, and present on their face common questions of both law and fact. That there are different evidentiary standards for the imposition of a civil fine or removal from office under Section 25-4-109 and the recovery of monetary damages or forfeiture of pecuniary benefits under Section 25-4-113 does not make the case cumbersome and confusing for a judge or jury. But if they did, the Court had full severance authority. Rule 42(b), Miss.R.Civ.P. Where the defendant is afforded a trial by jury, these matters can be handled judiciously by proper instructions to the fact finder. See Vogel v. American Warranty Home Service Corp., 695 F.2d 877, 882 (5th Cir.1983). Where, as here, there are no genuine issues of material fact and thus no necessity for a trial by jury, we are not concerned with the burden of proof because there are no issues to be tried.

V.

1.
Foremost, the Towners argue the legislature has by law precluded the summary judgment procedure in cases such as this. See Rule 56, Miss.R.Civ.P. They note Miss. Code Ann. § 25-4-107(2) (Supp. 1988), which provides
The defendant in any trial for a violation of this article shall have the right to a trial by jury; provided, however, that such defendant may, upon proper motion, waive his right to a trial by jury. A unanimous verdict of the jury shall be required for a finding of a violation of this article.
Over and over, we are told a Section 109/Section 25-4-105(2) issue "is always an issue of fact," and that the legislature has declared it so. All of this but begs the question. What may be a matter of fact, and materially so, and ab initio a proof-requiring question of fact does not remain for the trier of fact once an undisputed record reveals no genuine issue thereof. The Towners' wishful thinking notwithstanding, we find nothing in Section 25-4-107(2) *1098 or in any other statute suggesting that the Legislature has tried to alter or amend our summary judgment procedure. The conflicts of interest statute provides for civil remedies and penalties, and the provision for trial by jury means no more than it means in any other civil process before the circuit court.
Our answer to the Towners' suggestion is found in our accommodation of Rule 56 with the constitutional right to trial by jury. Miss. Const. Art. 3, § 31 (1890).[6] Trial by jury is about disputes of fact. Rule 56 is in perfect harmony with the right when it precludes summary judgment where there is a genuine issue of material fact. We have repeatedly reminded:
There is no violation of the right of trial by jury when judgment is entered summarily in cases where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. There is no right of trial by jury in such cases.
Brown v. McQuinn, 501 So.2d 1093, 1094-95 (Miss. 1986); Vickers v. First Mississippi National Bank, 458 So.2d 1055, 1061 (Miss. 1984); Brown v. Credit Center, Inc., 444 So.2d 358, 362 (Miss. 1983). The summary judgment procedure is alive and well and living in civil conflict of interest litigation.

2.
The Towners find further significance that the proceedings against board member Mary Towner required findings "by clear and convincing evidence" and that this in and of itself precludes summary judgment. They ignore as well that we have long since accommodated our summary judgment process to the "clear and convincing" quantum of proof requirement.
The Supreme Court of the United States has shown the way, reading its identically worded Rule 56. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). In ruling on a motion for summary judgment directed to a fact issue subject to the clear and convincing standard, the Court said:
The [trial] judge must view the evidence presented through the prism of the substantive evidentiary burden.
Anderson, 477 U.S. at 254, 106 S.Ct. at 2513, 91 L.Ed.2d at 215. The Court went on to add:
When determining if a genuine factual issue ... exists ..., a trial judge must bear in mind the actual quantum and quality of proof necessary to support liability under ... [the clear and convincing standard]. For example, there is no genuine issue if the evidence presented in the opposing affidavits is of insufficient caliber or quantity to allow a rational finder of fact to find .. . [the disputed fact] by clear and convincing evidence.
Anderson, 477 U.S. at 254, 106 S.Ct. at 2513, 91 L.Ed.2d at 215.
Our cases have incorporated this view into our summary judgment law. See, e.g., Meridian Star, Inc. v. Williams, 549 So.2d 1332, 1336-37 (Miss. 1989); Johnson v. Delta-Democrat Publishing Co., 531 So.2d 811, 815 (Miss. 1988); Estate of Smiley, 530 So.2d 18, 26 (Miss. 1988); Haygood v. First National Bank of New Albany, 517 So.2d 553, 555-56 (Miss. 1987).

3.
Notwithstanding, Mary Towner argues the proceedings against her are quasi-criminal in nature and employs the familiar premise that there is no directed verdict at criminal law. She points again to the "clear and convincing" burden of proof standard and says this shows the legislature in Section 25-4-107(2) gave her a right of trial by jury which by its very nature gave her the further right to an opportunity for jury nullification. Per force summary judgment is precluded, or so we are told.
Mary Towner swims upstream against the well-chewed over distinction between criminal prosecutions, properly so *1099 called, and civil penalty or forfeiture processes. That we sometime label these latter quasi-criminal does not alter their civil status. The point is that the right of trial by jury, nullification variety, is a function of special federal and state constitutional law we have never found to reach civil penalty on forfeiture cases. Indeed, there is in such cases no constitutional right of trial by jury at all. See Bishop v. Bailey, 209 Miss. 892, 894, 48 So.2d 588, 589-90 (1950).
Civil forfeitures are analogous. In Mississippi State Tax Commission v. One (1) 1984 Black Mercury Grand Marquis, 568 So.2d 707 (Miss. 1990), the MSTC had moved for summary judgment. This Court decided the case on other grounds, but without questioning Rule 56's availability to either party. The federal judiciary is more experienced in these matters. In a setting where civil jury verdicts must be unanimous, the federal courts have routinely upheld pro-government summary judgments in forfeiture actions. See, e.g., United States v. Wollman, 945 F.2d 79, 82 (4th Cir.1991); United States v. On Leong Chinese Merchants Association Building, 918 F.2d 1289, 1292 (7th Cir.1990); United States v. Premises and Real Property at 4492 South Livonia Road, Livonia, New York, 889 F.2d 1258, 1267 (2d Cir.1989). Of note is a recent Eleventh Circuit case upholding a summary judgment granted the government on the basis of facts taken as true when defendant failed to respond to requests for admissions. United States v. Barbara Lane, 960 F.2d 126 (11th Cir.1992).
It is not at all clear our legislature would have the authority to preclude summary judgment in civil penalty or forfeiture cases, or order a right to the nullification variant of the right to trial by jury. See Newell v. State, 308 So.2d 71, 78 (Miss. 1975), and progeny. What is clear is the legislature has made no such attempt. By vesting the circuit court with civil jurisdiction over penalty and forfeiture processes, Section 25-4-107(2) provides the same right of trial by jury Section 31 of the Constitution provides for all other civil cases. This is a right subject to either party's complementary right, where the proof is such that there is no evidentiary or ultimate fact issue for a jury to decide, of directed verdict, judgment notwithstanding the verdict or, as here, summary judgment.

4.
The preliminaries behind us, we turn to the judgment summarily entered below. In both their answer to the original complaint and their answer to the amended complaint, the Towners have admitted[7] that they have been married at all relevant times, that Mary Towner was an active and serving member of the Quitman County Board of Education in 1988 and 1989; that while she was a member of that board, it voted to employ her husband, Ezra Towner, Jr., as a special education teacher at the Quitman County High School; that Ezra Towner, Jr., signed a contract for employment for the 1988-89 school year and was paid pursuant thereto in the sum of $23,791.00.
Beyond this, Plaintiffs confronted the Towners with these facts in requests for admissions. Rule 36(a) provides:
The matter is admitted unless, within thirty days after service of request, ... the party to whom the request is directed serves upon the party requesting the admission a written answer or objection.
Rule 36(b) then provides:
Any matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission.
We have made it clear beyond peradventure that Rule 36 means what it says. See, e.g., Skipworth v. Rabun, 568 So.2d 289, *1100 290 (Miss. 1990); Sawyer v. Hannan, 556 So.2d 696, 697 (Miss. 1990); Shell Oil Co. v. Murrah, 493 So.2d 1274 (Miss. 1986); Educational Placement Services v. Wilson, 487 So.2d 1316, 1318 (Miss. 1986). The Towners never filed any response, answer, denial or objection to the requests for admissions, nor did they move to have the requests withdrawn. Under the circumstances, we take the outcome-determinative facts as thrice admitted.[8] Nothing in the Towners' brief gives the slightest hint that there may be a genuine issue of any material fact that might preclude judgment.
When Section 109, Section 25-4-105(2), and Smith I are applied to these facts, we may only affirm the Circuit Court's granting of summary judgment on the liability issues. The fact that Mary Towner did not vote to hire her husband, or, in her words, "attempt to influence members ... to vote for such employment" is beside the point. Both constitution and statute speak of contracts authorized while she was a member of the board, however she may have voted or abstained.

VI.
Finally, Ezra Towner, Jr., argues the Circuit Court erroneously held he violated Section 25-4-105(2). He misreads the ruling. The Court held the contract between Towner and the Quitman County School Board violated Section 25-4-105(2) as well as Section 109 of the Mississippi Constitution. The Court ordered restitution of and from Ezra Towner, Jr., as the recipient of the funds under the illegal contract. The Court correctly joined Mary Towner in the judgment of restitution by reason of her "interest" in her husband's contract.
AFFIRMED.
ROY NOBLE LEE, C.J., and PRATHER, SULLIVAN and PITTMAN, JJ., concur.
McRAE, J., concurs in result only.
HAWKINS, P.J., dissents with separate written opinion.
DAN M. LEE, P.J., dissents with separate written opinion, joined by HAWKINS, P.J.
BANKS, J., not participating.
HAWKINS, Presiding Justice, dissenting:
I join Justice Dan Lee in his dissent.
Art. 4, § 109 of the Mississippi Constitution in and of itself gave the Attorney General the right, and duty as well, to have a court declare the Ezra Towner, Jr., contracts null and void and recover in a civil action against him and his wife all sums paid. Smith v. Dorsey, 530 So.2d 5 (Miss. 1988); Frazier v. State, ex rel. Pittman, 504 So.2d 675 (Miss. 1987). Had this only been a civil action under § 109 to declare the contracts void and recover from Mr. and Mrs. Towner all sums paid him under his contracts, on this record a summary judgment would have been proper.
The Attorney General did not confine his suit to the remedies available to him in a suit under § 109. He also brought his action under Miss. Code Ann. § 25-4-101, et seq., the conflict of interest statutes governing public officials. These statutes, much more specific and detailed than § 109, give the State and courts additional powers and provide for additional penalties beyond those available in an ordinary civil case. These statutes also afford a defendant additional rights than those afforded a defendant in a purely civil action.
Art. 3, § 31 of the Mississippi Constitution provides:
Section 31. The right of trial by jury shall remain inviolate, but the legislature may, by enactment, provide that in all civil suits tried in the circuit and chancery court, nine or more jurors may agree on the verdict and return it as a verdict of the jury.
Art. 4, § 109 of the Constitution provides:
Section 109. No public officer or member of the legislature shall be interested, *1101 directly or indirectly, in any contract with the state or any district, county, city or town thereof, authorized by any law passed or order made by any board of which he may be or may have a member, during the term for which he shall have been chosen, or within one year after the expiration of such term.
Miss. Code Ann. § 25-4-107 provides:
§ 25-4-107. Complaints; where brought; removal; initiated by; defendant's right to jury trial.
(1) Any complaint for a violation of this article shall be brought in the circuit court of the county in which the violation occurred; provided, however, that upon the motion of the defendant such action shall be removed to the county in which the defendant resides. Any such complaint may be initiated only by the Mississippi Ethics Commission or the district attorney of the county in which the violation occurred.
(2) The defendant in any trial for a violation of this article shall have the right to a trial by jury; provided, however, that such defendant may, upon proper motion, waive his right to a trial by jury. A unanimous verdict of the jury shall be required for a finding of a violation of this article.
Miss. Code Ann. § 25-4-109 provides:
§ 25-4-109. Penalties; elected and nonelected public servants.
(1) Upon a finding by clear and convincing evidence that any elected public servant or other person has violated any provision of this article, a circuit court of competent jurisdiction may censure the elected public servant or remove the elected servant from office or impose a civil fine of not more than five thousand dollars ($5,000.00) or both.
(2) Upon a finding by clear and convincing evidence that any nonelected public servant has violated any provision of this article, a circuit court of competent jurisdiction may censure, remove, suspend, or order a reduction in pay or demotion of the nonelected public servant or impose a civil fine of not more than five thousand dollars ($5,000.00) or both.
It is also worth noting that Miss. Code Ann. § 25-4-113 provides that the article shall not bar any other civil liability, and Miss. Code Ann. § 25-4-117 provides that the article shall be in addition to any criminal laws. The Legislature thus recognized that special remedies were provided the State, and special rights afforded defendants prosecuted thereunder.
First and foremost, it is clear that § 31 authorizes only the Legislature, not any court, to tamper in any way with the right to a trial by jury, and then only to the extent that the Legislature may provide that nine or more jurors may agree on a verdict in a civil case.
In this case the Legislature specifically gave Mr. and Mrs. Towner the right to have their case tried by a jury, for the jury to be instructed that the evidence against them was "clear and convincing," and all twelve jurors had to agree, not just nine. No court has any lawful authority to take this right away from the Towners, directly or indirectly.
It does not matter whether you call this case civil or "quasi-criminal." The point is that the Legislature, which is the only body in this State authorized to alter in any way the "inviolate right" to trial by jury, has specifically and unquestionably given all persons charged under these statutes the right to have their case heard by a jury in which all twelve have to agree on the verdict. I fail to read anywhere in either of these statutes a provision that if a court concludes a person sued thereunder is guilty, it can enter a summary judgment against him and fine and remove him from office.
The simple question in this case is this: if the Legislature specifically by statute makes certain conduct illegal, can it also provide that violators of the statute shall have the right to trial by jury, that all twelve must agree on the verdict, and that the jury be instructed it can only find against the defendant upon "clear and convincing evidence," not simply by a "preponderance of the evidence?" It is monstrous *1102 to suggest that the Legislature must also have this Court's approval for such rights to be guaranteed to a citizen of this State. For whatever reason, whether it was a good or bad one, the Legislature specifically gave these rights to the Towners. This Court in summarily holding such right does not exist does something far more dangerous to the citizens of this State than anything the Towners did. And just why is this precious right the people, speaking through the Legislature, has granted persons sued under the Act not worth the paper it is written upon? It interferes with one of our rules of procedure, that is why. Can a more astonishing usurpation be envisioned?
A partial summary judgment in this case declaring the Towner contracts void under § 109, and for the recovery from Mr. and Mrs. Towner of all sums paid him thereunder would have been proper. This would have been more in keeping with our Constitutional scheme of government. After entry of such partial summary judgment, the court could then have submitted to a jury their guilt or innocence of the statutes under proper instructions. In all likelihood the end result would have been the same, but whether it would or would not, they nevertheless had that right. This Court has eviscerated it.

STRANGE REASONING
We need to examine some astounding statements of the majority. (Majority Opinion, p. 11) Now if Miss. Code Ann. § 25-4-107 says anything, it says a citizen sued for some violation under the Act has a right to a jury trial and for the verdict to be unanimous. There is no way to express anything plainer than this.
How does the majority get around this? First, it tells the reader that "It is not at all clear our legislature would have the authority to preclude summary judgment" in this case, citing Newell v. State, 308 So.2d 71, 78 (Miss. 1975). What's that? Our Constitution does not authorize the people of this State to pass a law guaranteeing a trial by jury in a civil case? Only this Court can do that? Where is the authority for such a proposition in our Mississippi Constitution? According to the majority, the people must amend the Constitution to give themselves the right to guarantee a trial by jury in a civil case. I find this astonishing.
The majority's citation of Newell as authority for its position is, to use the genetics of that case, to produce a Frankenstein.
This does not end the matter, however. Having told us it "is not at all clear that the Legislature has such authority," it proceeds to insult the reader's intelligence by assuring him or her that, "What is clear is the legislature has made no such attempt." (Emphasis added) Does the majority think the reader cannot read?
There is, however, substantial authority from this Court for today's holding, conspicuously absent from the majority opinion. The unspoken, but true authority for the majority's holding in this case is Hall v. State, 539 So.2d 1338 (Miss. 1989), when we politely informed the Legislature it had neither the competence nor the authority under our Constitution to pass an evidentiary act in child sex abuse cases. Of course, if we had the authority to do what we did in Hall, we have the authority to again tell the Legislature it cannot guarantee a citizen a right to a trial by jury. Why didn't the majority cite Hall?
With blitzkreig rapidity Hall was followed by McClendon v. State, 539 So.2d 1375, 1377 (Miss. 1989), and McCarty v. State, 554 So.2d 909, 913 (Miss. 1989), when we informed the Legislature it had no authority to pass laws on the court procedures a convicted felon seeking to get out of the penitentiary must follow. Only this Court could do that, but we magnanimously "accepted" what the Legislature had enacted. Thence onto Blanks v. State, 542 So.2d 222, 225 (Miss. 1989), when we held the Legislature could not enact a valid law on criminal procedure unless we "accepted" it, but again because what they had enacted was satisfactory to us, we "accepted" it.
These holdings, not Newell, are the true "authority" for today's holding. See *1103 where we are headed? See how far we have come?
Of course, if we have the lawful authority for the above audacious holdings, then we have the authority, as Justice McRae recently wrote, to abolish the speedy trial statute, Miss. Code Ann. § 99-17-1, because it, too, is clearly "procedural." Flores v. State, 586 So.2d 811, 816 (Miss. 1991).
It does follow logically that if the Legislature has no authority to pass an evidentiary act in a criminal case, no authority to enact a statute governing rights of the accused and the prosecution in a criminal case, no authority to enact statutes on the procedure a man in the penitentiary must follow, all "invade" our "inherent" rule-making power and any act they pass is not worth the paper it is written upon unless we "accept" it, then this Court has the authority to hold what it does today.
By this Court's decree the people of this State have no right under our Constitution to have their Legislature pass a law on evidence in a criminal case, no authority to pass laws governing the rights of the accused and State in criminal prosecutions, no authority to enact statutes governing felons who seek to get out of prison. Nor can the people guarantee a right to trial by jury for a violation of a statute. We need not trouble ourselves to examine whether what they have written is unconstitutional. The very act of the Legislature in enacting, and the act of the Governor in signing such a law is beyond their authority under the Constitution.
In Hall v. State, 539 So.2d at 1364, I attempted to warn, "[T]he sole power to make rules of practice is the power to decide all cases long before they ever arise. By rules we can make it almost impossible to convict, or else almost impossible to acquit."

WHAT SHOULD BE DONE IN THIS CASE?
In this case the summary judgment could be affirmed in part. A partial summary judgment declaring the Towner contract void and awarding judgment against Mr. Towner for the compensation he was paid is clearly proper, for that is authorized under § 109, without any aid from Miss. Code Ann. § 25-4-101, et seq.[1] But no court has the Constitutional authority to grant summary judgment over and beyond this, and to hold that we do is a usurpation. As to any rights and remedies of the State beyond this, I would remand for proceedings before a jury.
DAN M. LEE, Presiding Justice, dissenting:
Because I take grave exception with the majority's gradual  but certain, abrogation of constitutional and statutory rights to a jury trial for alleged violations of § 25-4-105(2), I respectfully dissent.
The majority opinion adequately presents the facts of the case, and I trust there is no need to repeat those efforts here. In the past year, this Court has become very familiar with public official conflicts of interest cases. See Smith, et al. v. Dorsey, et al., II, 599 So.2d 529 (as modified on Petition for Rehearing, April 20, 1992) (McRae, J., dissenting). For the case on appeal today, the judicial debate continues in this area of the law.
The proper perspective of the issues which we consider with the Towners' appeal takes us back to 1983. In that year, the Mississippi Legislature enacted an entire package of conflicts of interest legislation which, in essence, codified section 109 of the Mississippi Constitution[1] and prescribed *1104 various rights and penalties.[2] The Attorney General and the Mississippi Ethics Commission have alleged that the Towners violated section 25-4-105(2), a code section which prohibits certain business relationships. Section 25-4-105(2) was a product of the 1983 legislation, and it provides as follows:
(2) No public servant shall be interested, directly or indirectly, during the term for which he shall have been chosen, or within one (1) year after the expiration of such term, in any contract with the state, or any district, county, city or town thereof, authorized by any law passed or order made by any board of which he may be or may have been a member.
Miss. Code Ann. § 25-4-105(2) (Rev. 1991).
In addition to defining prohibited relationships in government and business, the legislative package of 1983 addresses venue and jurisdiction for conflicts of interest complaints (Miss. Code Ann. § 25-4-107(1)); who may bring such actions (§ 25-4-107(1)); the burden of proof for conflicts of interest claims along with specific penalties for elected and nonelected public servants (§ 25-4-109); authority to discipline public officials who have violated ethics laws (§ 25-4-111); civil actions for damages against violators (§ 25-4-113); civil liability (§ 25-4-115); and, the potential for criminal liability for an ethics violation (§ 25-4-117).
Indeed, the legislative package of 1983 governing public official conflicts of interest is comprehensive and broad. For example, subsection six (6) of section 105 allows a violator to retain the reasonable value of the services furnished prior to receiving notice that the contract has been declared void by the governing body which authorized the contract:
(6) Any contract made in violation of this section may be declared void by the governing body of the contracting or selling authority of the governmental subdivision or a court of competent jurisdiction and the contractor or subcontractor shall retain or receive only the reasonable value, with no increment for profit or commission, of the property or the services furnished prior to the date of receiving notice that the contract has been voided.
Miss. Code Ann. § 25-4-105(6) (Rev. 1991).
Subsection seven (7) of section 25-4-105 specifically provides that violators are to be punished in accordance with sections 25-4-109 and 25-4-111.
(7) Any person violating the provisions of this section shall be punished as provided for in Sections 25-4-109 and 25-4-111.
Miss. Code Ann. § 25-4-105(7) (Rev. 1991).
The next section of the Code, § 25-4-107(1), addresses venue for conflicts of interest suits and who may initiate such actions. Last, but certainly not least, in subsection two (2), the legislature mandated a jury trial and the requirement of a unanimous verdict as a prerequisite for finding an ethics violation. The entire text of § 25-4-107 provides as follows:
§ 25-4-107. Complaints; where brought; removal; initiated by; defendant's right to jury trial.
(1) Any complaint for a violation of this article shall be brought in the circuit court of the county in which the violation occurred; provided, however, that upon the motion of the defendant such action shall be removed to the county in which the defendant resides. Any such complaint may be initiated only by the Mississippi Ethics Commission or the district attorney of the county in which the violation occurred.
(2) The defendant in any trial for a violation of this article shall have the right to a trial by jury; provided, however, that such defendant may, upon proper motion, waive his right to a trial by jury. A unanimous verdict of the jury shall be required for a finding of a violation of this article.

Miss. Code Ann. § 25-4-107 (Rev. 1991) (emphasis added).
The right to a jury trial is firmly embedded in our common law jurisprudence. In addition to § 25-4-107(2), which controls in *1105 this case, Miss. Const. art. III, § 31 provides as follows:
The right of trial by jury shall remain inviolate, but the legislature may, by enactment, provide that in all civil suits tried in the circuit and chancery court, nine or more jurors, may agree on the verdict and return it as the verdict of the jury.
Despite the legislative and constitutional mandate of a jury trial and other statutes governing conflicts of interest actions, the majority conveniently concludes that Mississippi Rule of Civil Procedure 56 (summary judgment) "repeals" an entire section of the Mississippi Code  chapter, title, and verse  or, in this case  title, chapter, section, and subsection. When this Court adopted Mississippi Rule of Civil Procedure 56, we did not intend, nor could we, repeal a specific act of the legislature, particularly one which affords citizens of this state fundamental rights such as a jury trial. Yet, that is precisely what the majority opinion does.
Section § 25-4-107(2) is a very specific statute which extends the right to a jury trial for allegations of ethics violations described in § 25-4-105. By comparison, M.R.C.P. 56 is the generic rule of summary judgment which is potentially applicable to all sorts of civil actions. Until today, I thought it settled law that specific statutes and rules control and thus pre-empt generic, "catch-all" rules and statutes. See Triangle Enterprises v. Mabus, 467 So.2d 650, 652 (Miss. 1985); Roberts v. Mississippi Republican Party State Executive Committee, 465 So.2d 1050, 1055 (Miss. 1985); Carleton v. State, 438 So.2d 278, 279 (Miss. 1983); Burress v. State, 431 So.2d 1117, 1118 (Miss. 1983).
Common sense and sound logic reveal a legislative intent to elevate this type of action above the "run of the mill" civil action governed by M.R.C.P. 56. I trust that the state's "clear and convincing" burden of proof coupled with specific legislative expression for a jury trial and requirement of unanimous verdict clearly establishes the point. See Miss. Code Ann. § 25-4-107(2), -109 (Rev. 1991). Absent a waiver,[3] the Towners are entitled to the full measure of their constitutional and statutory rights, which the majority denies them.
In the past, I have not been reluctant to warn of Rule 56's encroachment on the fundamental right to a jury trial. Donald v. Reeves Transport Co., 538 So.2d 1191, 1196 (Miss. 1989) (summary judgment should be granted with great caution); Pope v. Schroeder, 512 So.2d 905, 908 (Miss. 1987) (M.R.C.P. 56 should not be used to "snuff out" litigant's right to trial unless appropriate). However, I also acknowledge Rule 56's utility in the appropriate case. Bulloch v. City of Pascagoula, 574 So.2d 637 (Miss. 1990); Adams v. Fred's Dollar Store, 497 So.2d 1097 (Miss. 1986); Prescott v. Bay St. Louis Newspapers, Inc., 497 So.2d 77 (Miss. 1986); Modling v. Bailey Homes & Ins., 490 So.2d 887 (Miss. 1986).
The case at bar is not the appropriate case  especially when the Mississippi Legislature has specifically declared that a unanimous verdict of the jury is required before finding an ethics violation under § 25-4-105(2). In Newell v. State, 308 So.2d 71 (Miss. 1975), this Court announced that it would be making use of its inherent rule making authority to promulgate and adopt rules of procedure to facilitate the administration of justice in the courts of this state. Mississippi Rule of Civil Procedure 56 (summary judgment), was a direct product of the approach which this Court took in Newell and its progeny. However, Newell declared that the rules of procedure would be used consistent with, and not a substitute for, the rules of judicial procedure enacted by the legislature of this state  a fact which the majority conveniently forgets from time to time:
[W]e hasten to say that as long as rules of judicial procedure enacted by the legislature coincide with fair and efficient administration of justice, the Court will *1106 consider them in a cooperative spirit to further the state's best interest... .
Newell v. State, 308 So.2d 71, 78 (Miss. 1975).
In Mississippi and throughout the United States, it is accepted that state legislatures have the constitutional prerogative to pass procedural statutes governing the practice of law and the administration of justice. Hall v. State, 539 So.2d 1338, 1352 (Miss. 1989) (Pres. Justice Hawkins, Dissenting). Yet, the majority once again invents a judicial veto of the legislative branch's constitutional authority.
For reasons which I have stated here, and others, I would reverse the grant of summary judgment entered by the Quitman County Circuit Court and remand the same for a jury trial as mandated by Miss. Code Ann. § 25-4-107(2) (Rev. 1991).
HAWKINS, P.J., joins this opinion.
NOTES
[1] We refer to this decision as Smith I because the Smith case has spawned other important opinions in this Court. See Smith v. Dorsey, 599 So.2d 529 (Miss. 1992).
[2] Miss. Code Ann. § 25-4-109(1) (Supp. 1989), reads:

Upon a finding by clear and convincing evidence that any elected public servant or other person has violated any provision of this article, a circuit court of competent jurisdiction may censure the elected public servant or remove the elected public servant from office or impose a civil fine of not more than five thousand dollars ($5,000.00) or both.
[3] Miss. Code Ann. § 25-4-113 (Supp. 1989), reads:

The attorney general of the state of Mississippi or any governmental entity directly injured by a violation of this act may bring a separate civil action against the public servant or other person or business violating the provisions of this article for recovery of damages suffered as a result of such violation. Further, any pecuniary benefit received by or given by a public servant in violation of this article shall be declared forfeited by a circuit court of competent jurisdiction for the benefit of the governmental entity injured. In the discretion of the court, any judgment for damages or forfeiture of pecuniary benefit may include costs of court and reasonable attorney's fees.
[4] Rule 18(a), Miss.R.Civ.P., in its entirety, reads:

(a) Joinder of Claims. A party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternate claims, as many claims as he has against an opposing party.
[5] Rule 20(a), Miss.R.Civ.P., in its entirety, reads:

(a) Permissive Joinder. All persons may join in one action as plaintiffs if they assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences, and if any question of law or fact common to all these persons will arise in the action. All persons may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences, and if any question of law or fact common to all defendants will arise in the action. A plaintiff or defendant need not be interested in obtaining or defending against all the relief demanded. Judgment may be given for one or more of the plaintiffs according to their respective rights to relief, and against one or more defendants according to their respective liabilities.
[6] Miss. Const. Art. 3, § 31 (1890) provides:

The right of trial by jury shall remain inviolate, but the legislature may, by enactment, provide that in all civil suits tried in the circuit and chancery court, nine or more jurors, may agree on the verdict and return it as the verdict of the jury.
[7] Technically, these admissions convert Plaintiffs' motion and the Court's judgment to one on the pleadings. We have long held the motions for judgment on the pleadings and for summary judgment convertible. Where, as here, all facts predicate to the judgment have been admitted, Rule 56 has no office. See, e.g., Walton v. Bourgeois, 512 So.2d 698, 699 (Miss. 1987); Walker v. Cleveland Lumber Co., Inc., 512 So.2d 695, 696 n. 2 (Miss. 1987) (Robertson, J., concurring); Millican v. Turner, 503 So.2d 289, 292 (Miss. 1987).
[8] The facts as stated in the Brief of Appellants, filed December 27, 1990, page 4, are legally the same. Taking only those facts, the Section 109 and Section 25-4-105(2) violations are established.
[1] A judgment could also have been rendered against Mrs. Towner as well for the amount paid her husband. Smith v. Dorsey; Frazier v. State.
[1] No public officer or member of the legislature shall be interested, directly or indirectly, in any contract with the state, or any district, county, city, or town thereof, authorized by any law passed or order made by any board of which he may be or may have been a member, during the term for which he shall have been chosen, or within one year after the expiration of such term.

Miss. Const. art. IV, § 109.
[2] This legislation is codified at Miss. Code Ann. §§ 25-4-101 to 25-4-119 (Rev. 1991).
[3] There is no suggestion in the record, nor does the majority contend that the Towners have done anything to waive their rights pursuant to Miss. Code Ann. § 25-4-107(2) (Rev. 1991).