ROBERTSON, Justice,
for the Court:
I.
Today’s appellants are husband and wife and simultaneously served, respectively, as a public school board member and schoolteacher, after this Court had said this gave the board member an interest in the teaching contract offensive to our constitution. The Circuit Court found the violation and ordered the board member fined and removed from office, the teacher and the board member jointly to give restitution for the salary illegally received.
We affirm.
II.
A.
Mary Alice Towner and Ezra Towner, Jr., are husband and wife and reside at Route 1, Box 7, Marks, Quitman County, Mississippi. They were the Defendants below and are the Appellants here.
On March 16, 1988, this Court held Miss. Const. Art. 4, § 109 (1890), proscribed an employment contract wherein a public school board employed one whose spouse was a member of the board. On August 3, 1988, we denied rehearing in relevant part. Smith v. Dorsey, 530 So.2d 5 (Miss.1988) (Smith I}.[1] These dates are important, as will presently appear.
On March 21, 1988, Mary Towner was a duly elected and serving member of the Quitman County Board of Education. On that date, the board voted to employ her husband, Ezra Towner, Jr., as a special education teacher at Quitman County High *1095 School. Board minutes reflect four affirmative votes and then recite “Those absent and not voting: Mary Alice Towner.” On August 1, 1988, Ezra Towner signed his employment contract for the 1988-89 school year.
Word of our original Smith decision apparently reached Quitman County shortly after it was announced. On April 20, 1988, the school board’s attorney addressed a memorandum to all board members, including Mary Towner, describing Smith and stating in part:
There are several board members of the Quitman County School District who have spouses teaching in the system. As such, the Quitman County School District, according to the decision rendered in Smith, supra cannot pay the salaries of the spouses of those Board members so long as those Board members remain Board members. Otherwise, the Board must declare the spouses’ contracts null and void. In light of the above, I strongly urge those Board members affected to take immediate action to rectify this situation.
Notwithstanding this notice, Ezra Towner, Jr., signed his employment contract on August 1, 1988, for the school year beginning August 23, 1988, and ending June 2, 1989, and, indeed, taught for that entire year and received a salary of $23,791.00 therefor.
The next year the board did it again. On March 21, 1989, while Mary Towner was still a member, the board voted to rehire Ezra Towner, Jr., as special education teacher for the 1989-90 school year. Board minutes reflect that three board members voted affirmatively. The vote of Mary Towner is not recorded, nor, for that matter, is it clear from the minutes she was present. Two months later the Board voted to hire Ezra Towner, Jr., as a teacher, with Mary Towner again not participating. In any event, on July 21, 1989, Ezra Town-er, Jr., signed his contract for the school year August 21,1989, to June 1,1990, for a stipulated salary of $25,550.00.
B.
On August 4, 1989, Attorney General Michael C. Moore and the Mississippi Ethics Commission (hereinafter jointly “Plaintiffs”) commenced the present civil action by filing their complaint in the Circuit Court of Quitman County, Mississippi. Attorney General Moore proceeded on behalf of the Quitman County School District, see Miss.Code Ann. § 25-4-113 (Supp.1989). The Mississippi Ethics Commission is an agency of the state, created by act of the Legislature, Miss. Code Ann. § 25-4-5 (Supp.1989), and acted pursuant to its duty to enforce laws prohibiting conflicts of interest. Miss. Code Ann. § 25-4-107(1) (Supp.1989). The complaint charged that the. above-described contracts were void under Miss. Const. Art. 4, § 109 (1890) and Miss. Code Ann. § 25-4-105(2) (Supp.1989), and demanded (1) forfeiture of all sums paid to Ezra Towner under his contracts of employment, § 25-4-113, supra; (2) the removal of Mary Towner from the school board, Miss. Code Ann. § 25-4-109(1) (Supp.1989); and (3) imposition of a civil fine against Mary Towner, § 25-4-109(1), supra.
In due course, the Towners answered and admitted the essential factual charges of the complaint, specifically including the description of the contracts noted above and the payments thereunder, save only they advised that, effective September 1, 1989, Ezra Towner, Jr., had resigned his position as a schoolteacher for the 1989-90 school year and had received no salary under his contract for that year. The Towners added, “that the defendant, Mary A. Towner, is prepared to resign her position as chairperson of the Quitman County School District Board.”
On March 23, 1990, Plaintiffs filed an amended complaint without changing the material factual allegations noted above, and on April 25, 1990, the Towners answered and again admitted the relevant facts regarding board membership, teaching contracts, and compensation.
On October 25, 1989, Plaintiffs served upon the Towners requests for admissions, once more itemizing the essential details regarding their board memberships, the teaching contracts, and payments thereun *1096 der. The Towners never responded or in any way denied or even acknowledged these requests.
On April 9, 1990, Plaintiffs moved for summary judgment. They supported their motion by affidavit detailing the essential facts the Towners had theretofore effectively admitted. The Circuit Court gave the Towners full opportunity for response and a hearing thereon, and on July 9, 1990, granted the motion and entered judgment. The Court found the Ezra Towner, Jr., contract for the year 1988-89 unlawful under Section 109 of the Constitution and statutory Section 25-4-105(2). The Court invoked Section 25-4-109(1) and ordered Mary Towner fined in the amount of $2,000.00 and removed from office as a member of the school board, effective immediately. The Court further ordered that Ezra Towner, Jr., and Mary Towner, jointly and severally, repay to the Quitman County School District $23,791.00, being the salary Ezra Towner received for the 1988-89 school year, and entered judgment thereon in that amount plus interest at the legal rate.
This appeal has followed.
III.
The increasingly familiar Section 109 of this state’s constitution reads, in relevant part,
No public officer ... shall be interested, directly or indirectly, in any contract with ... any district [or] county, ..., thereof, authorized by any ... order made by any board of which he may be or may have been a member, during the term for which he shall have been chosen, or within one year after the expiration of such term.
Though it be self-executing, see Mississippi Ethics Commission v. Aseme, 583 So.2d 955, 958 (Miss.1991), quoting Frazier v. State ex rel. Pittman, 504 So.2d 675, 694 (Miss.1987), Section 109 is not beyond elaboration, legislative or judicial varieties. The legislature has acted and has enacted Miss. Code Ann. § 25-4-105 (Supp.1988), which reads, in relevant part:
(2) No public servant shall be interested, directly or indirectly, during the term for which he shall have been chosen, or within one (1) year after the expiration of such term, in any contract with the state, or any district, county, city or town thereof, authorized by any law passed or order made by any board of which he may be or may have been a member.
Smith I arose in Claiborne County. There, four persons who were members of the county board of education had spouses who were simultaneously under contract/paid employees of the school district. Addressing Section 109 only, Smith I upheld a lower court decision “declaring the contracts of appellants’ spouses to be null and void.” Smith I, 530 So.2d at 9. We take the law as settled. Section 25-4-105(2) only reinforces the point.
IV.
The Towners press a plethora of procedural points pursuing reversal. They argue that claims made under Sections 25-4-109[2] and 25-4-113[3] are separate and distinct claims which cannot be joined in one action because they require different *1097 burdens of proof, i.e., clear and convincing evidence under Section 25-4-109 and preponderance of the evidence under Section 25-4-113. The quick answer appears in our Mississippi Rules of Civil Procedure. Rule 18(a)[4] permits each of today’s Plaintiffs to join “as many claims as he has against ... [the Towners].” Rule 20(a)[5] permits Plaintiffs to join both Mary Town-er and Ezra Towner, Jr., in this action. All of Plaintiffs’ claims, including that under Section 109 of the Constitution, arose from the “same transaction, occurrence, or series” thereof, namely, the Ezra Towner, Jr., teaching contracts authorized by the school board while Mary Towner was a member thereof.
Undaunted, the Towners argue that actions for violation of Section 25-4-105 can only be initiated by the Mississippi Ethics Commission or the district attorney as provided in Section 25-4-107, while actions for damages brought under Section 25-4-113 can only be brought by the attorney general or the governmental entity directly injured. But this is what has been done. And Rules 18(a) and 20(a) permit the join-der. The several claims ask jointly for relief, arise out of the same transaction or occurrence, and present on their face common questions of both law and fact. That there are different evidentiary standards for the imposition of a civil fine or removal from office under Section 25-4-109 and the recovery of monetary damages or forfeiture of pecuniary benefits under Section 25-4-113 does not make the case cumbersome and confusing for a judge or jury. But if they did, the Court had full severance authority. Rule 42(b), Miss.R.Civ.P. Where the defendant is afforded a trial by jury, these matters can be handled judiciously by proper instructions to the fact finder. See Vogel v. American Warranty Home Service Corp., 695 F.2d 877, 882 (5th Cir.1983). Where, as here, there are no genuine issues of material fact and thus no necessity for a trial by jury, we are not concerned with the burden of proof because there are no issues to be tried.
V.
1.
Foremost, the Towners argue the legislature has by law precluded the summary judgment procedure in cases such as this. See Rule 56, Miss.R.Civ.P. They note Miss. Code Ann. § 25-4-107(2) (Supp. 1988), which provides
The defendant in any trial for a violation of this article shall have the right to a trial by jury; provided, however, that such defendant may, upon proper motion, waive his right to a trial by jury. A unanimous verdict of the jury shall be required for a finding of a violation of this article.
Over and over, we are told a Section 109/Section 25-4-105(2) issue “is always an issue of fact,” and that the legislature has declared it so. All of this but begs the question. What may be a matter of fact, and materially so, and ab initio a proof-requiring question of fact does not remain for the trier of fact once an undisputed record reveals no genuine issue thereof. The Towners’ wishful thinking notwithstanding, we find nothing in Section 25-4- *1098 107(2) or in any other statute suggesting that the Legislature has tried to alter or amend our summary judgment procedure. The conflicts of interest statute provides for civil remedies and penalties, and the provision for trial by jury means no more than it means in any other civil process before the circuit court.
Our answer to the Towners’ suggestion is found in our accommodation of Rule 56 with the constitutional right to trial by jury. Miss. Const. Art. 3, § 31 (1890).[6] Trial by jury is about disputes of fact. Rule 56 is in perfect harmony with the right when it precludes summary judgment where there is a genuine issue of material fact. We have repeatedly reminded:
There is no violation of the right of trial by jury when judgment is entered summarily in cases where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. There is no right of trial by jury in such cases.
Brown v. McQuinn, 501 So.2d 1093, 1094-95 (Miss.1986); Vickers v. First Mississippi National Bank, 458 So.2d 1055, 1061 (Miss.1984); Brown v. Credit Center, Inc., 444 So.2d 358, 362 (Miss.1983). The summary judgment procedure is alive and well and living in civil conflict of interest litigation.
2.
The Towners find further significance that the proceedings against board member Mary Towner required findings “by clear and convincing evidence” and that this in and of itself precludes summary judgment. They ignore as well that we have long since accommodated our summary judgment process to the “clear and convincing” quantum of proof requirement.
The Supreme Court of the United States has shown the way, reading its identically worded Rule 56. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). In ruling on a motion for summary judgment directed to a fact issue subject to the clear and convincing standard, the Court said:
The [trial] judge must view the evidence presented through the prism of the substantive evidentiary burden.
Anderson, 4177 U.S. at 254, 106 S.Ct. at 2513, 91 L.Ed.2d at 215. The Court went on to add:
When determining if a genuine factual issue ... exists ..., a trial judge must bear in mind the actual quantum and quality of proof necessary to support liability under ... [the clear and convincing standard]. For example, there is no genuine issue if the evidence presented in the opposing affidavits is of insufficient caliber or quantity to allow a rational finder of fact to find ... [the disputed fact] by clear and convincing evidence.
Anderson, 477 U.S. at 254, 106 S.Ct. at 2513, 91 L.Ed.2d at 215.
Our cases have incorporated this view into our summary judgment law. See, e.g., Meridian Star, Inc. v. Williams, 549 So.2d 1332, 1336-37 (Miss.1989); Johnson v. Delta-Democrat Publishing Co., 531 So.2d 811, 815 (Miss.1988); Estate of Smiley, 530 So.2d 18, 26 (Miss.1988); Haygood v. First National Bank of New Albany, 517 So.2d 553, 555-56 (Miss.1987).
3.
Notwithstanding, Mary Towner argues the proceedings against her are quasi-criminal in nature and employs the familiar premise that there is no directed verdict at criminal law. She points again to the “clear and convincing” burden of proof standard and says this shows the legislature in Section 25-4-107(2) gave her a right of trial by jury which by its very nature gave her the further right to an opportunity for jury nullification. Per force summary judgment is precluded, or so we are told.
Mary Towner swims upstream against the well-chewed over distinction between criminal prosecutions, properly so *1099 called, and civil penalty or forfeiture processes. That we sometime label these latter quasi-criminal does not alter their civil status. The point is that the right of trial by jury, nullification variety, is a function of special federal and state constitutional law we have never found to reach civil penalty on forfeiture cases. Indeed, there is in such cases no constitutional right of trial by jury at all. See Bishop v. Bailey, 209 Miss. 892, 894, 48 So.2d 588, 589-90 (1950).
Civil forfeitures are analogous. In Mississippi State Tax Commission v. One (1) 1984 Black Mercury Grand Marquis, 568 So.2d 707 (Miss.1990), the MSTC had moved for summary judgment. This Court decided the ease on other grounds, but without questioning Rule 56’s availability to either party. The federal judiciary is more experienced in these matters. In a setting where civil jury verdicts must be unanimous, the federal courts have routinely upheld pro-government summary judgments in forfeiture actions. See, e.g., United States v. Wollman, 945 F.2d 79, 82 (4th Cir.1991); United States v. On Leong Chinese Merchants Association Building, 918 F.2d 1289, 1292 (7th Cir.1990); United States v. Premises and Real Property at 4492 South Livonia Road, Livonia, New York, 889 F.2d 1258, 1267 (2d Cir.1989). Of note is a recent Eleventh Circuit case upholding a summary judgment granted the government on the basis of facts taken as true when defendant failed to respond to requests for admissions. United States v. Barbara Lane, 960 F.2d 126 (11th Cir.1992).
It is not at all clear our legislature would have the authority to preclude summary judgment in civil penalty or forfeiture cases, or order a right to the nullification variant of the right to trial by jury. See Newell v. State, 308 So.2d 71, 78 (Miss.1975), and progeny. What is clear is the legislature has made no such attempt. By vesting the circuit court with civil jurisdiction over penalty and forfeiture processes, Section 25-4-107(2) provides the same right of trial by jury Section 31 of the Constitution provides for all other civil cases. This is a right subject to either party’s complementary right, where the proof is such that there is no evidentiary or ultimate fact issue for a jury to decide, of directed verdict, judgment notwithstanding the verdict or, as here, summary judgment.
4.
The preliminaries behind us, we turn to the judgment summarily entered below. In both their answer to the original complaint and their answer to the amended complaint, the Towners have admitted[7] that they have been married at all relevant times, that Mary Towner was an active and serving member of the Quitman County Board of Education in 1988 and 1989; that while she was a member of that board, it voted to employ her husband, Ezra Towner, Jr., as a special education teacher at the Quitman County High School; that Ezra Towner, Jr., signed a contract for employment for the 1988-89 school year and was paid pursuant thereto in the sum of $23,-791.00.
Beyond this, Plaintiffs confronted the Towners with these facts in requests for admissions. Rule 36(a) provides:
The matter is admitted unless, within thirty days after service of request, ... the party to whom the request is directed serves upon the party requesting the admission a written answer or objection.
Rule 36(b) then provides:
Any matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission.
We have made it clear beyond peradventure that Rule 36 means what it says. See, e.g., Skipworth v. Rabun, 568 So.2d 289, *1100 290 (Miss.1990); Sawyer v. Hannan, 556 So.2d 696, 697 (Miss.1990); Shell Oil Co. v. Murrah, 493 So.2d 1274 (Miss.1986); Educational Placement Services v. Wilson, 487 So.2d 1316, 1318 (Miss.1986). The Towners never filed any response, answer, denial or objection to the requests for admissions, nor did they move to have the requests withdrawn. Under the circumstances, we take the outcome-determinative facts as thrice admitted.[8] Nothing in the Towners’ brief gives the slightest hint that there may be a genuine issue of any material fact that might preclude judgment.
When Section 109, Section 25-4-105(2), and Smith I are applied to these facts, we may only affirm the Circuit Court's granting of summary judgment on the liability issues. The fact that Mary Towner did not vote to hire her husband, or, in her words, “attempt to influence members ... to vote for such employment” is beside the point. Both constitution and statute speak of contracts authorized while she was a member of the board, however she may have voted or abstained.
VI.
Finally, Ezra Towner, Jr., argues the Circuit Court erroneously held he violated Section 25-4-105(2). He misreads the ruling. The Court held the contract between Town-er and the Quitman County School Board violated Section 25-4-105(2) as well as Section 109 of the Mississippi Constitution. The Court ordered restitution of and from Ezra Towner, Jr., as the recipient of the funds under the illegal contract. The Court correctly joined Mary Towner in the judgment of restitution by reason of her “interest” in her husband’s contract.
AFFIRMED.
ROY NOBLE LEE, C.J., and PRATHER, SULLIVAN and PITTMAN, JJ., concur.
McRAE, J., concurs in result only.
HAWKINS, P.J., dissents with separate written opinion.
DAN M. LEE, P.J., dissents with separate written opinion, joined by HAWKINS, P.J.
BANKS, J., not participating.

. We refer to this decision as Smith I because the Smith case has spawned other important opinions in this Court. See Smith v. Dorsey, 599 So.2d 529 (Miss.1992).

. Miss. Code Ann. § 25-4-109(1) (Supp.1989), reads:
Upon a finding by clear and convincing evidence that any elected public servant or other person has violated any provision of this article, a circuit court of competent jurisdiction may censure the elected public servant or remove the elected public servant from office or impose a civil fine of not more than five thousand dollars ($5,000.00) or both.

. Miss. Code Ann. § 25-4-113 (Supp.1989), reads:
The attorney general of the state of Mississippi or any governmental entity directly injured by a violation of this act may bring a separate civil action against the public servant or other person or business violating the provisions of this article for recovery of damages suffered as a result of such violation. Further, any pecuniary benefit received by or given by a public servant in violation of this article shall be declared forfeited by a circuit court of competent jurisdiction for the benefit of the governmental entity injured. In the discretion of the court, any judgment for damages or forfeiture of pecuniary benefit may include costs of court and reasonable attorney's fees.

. Rule 18(a), Miss.R.Civ.P., in its entirety, reads:
(a) Joinder of Claims. A party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternate claims, as many claims as he has against an opposing party.

. Rule 20(a), Miss.R.Civ.P., in its entirety, reads:
(a) Permissive Joinder. All persons may join in one action as plaintiffs if they assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences, and if any question of law or fact common to all these persons will arise in the action. All persons may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences, and if any question of law or fact common to all defendants will arise in the action. A plaintiff or defendant need not be interested in obtaining or defending against all the relief demanded. Judgment may be given for one or more of the plaintiffs according to their respective rights to relief, and against one or more defendants according to their respective liabilities.

. Miss. Const. Art. 3, § 31 (1890) provides:
The right of trial by jury shall remain inviolate, but the legislature may, by enactment, provide that in all civil suits tried in the circuit and chancery court, nine or more jurors, may agree on the verdict and return it as the verdict of the jury.

. Technically, these admissions convert Plaintiffs’ motion and the Court’s judgment to one on the pleadings. We have long held the motions for judgment on the pleadings and for summary judgment convertible. Where, as here, all facts predicate to the judgment have been admitted, Rule 56 has no office. See, e.g., Walton v. Bourgeois, 512 So.2d 698, 699 (Miss.1987); Walker v. Cleveland Lumber Co., Inc., 512 So.2d 695, 696 n. 2 (Miss.1987) (Robertson, J., concurring); Millican v. Turner, 503 So.2d 289, 292 (Miss.1987).

. The facts as stated in the Brief of Appellants, filed December 27, 1990, page 4, are legally the same. Taking only those facts, the Section 109 and Section 25-4-105(2) violations are established.