This is an appeal from a conviction of forgery in the Circuit Court of Forrest County. The evidence shows that McCrory, appellant, used a stolen Humble Oil and Refining Company credit card to obtain goods in the amount of $46.31 from Lee Dunn's Truck Stop in Hattiesburg. His prosecution and conviction for forgery was based upon his having signed the credit card owner's name to the credit card slip or invoice.
It is well settled that a credit charge or a credit sales slip may be the subject of forgery. Annot., 90 A.L.R.2d 822 (1963). The only issue presented by this appeal is whether Mississippi Code 1942 Annotated section 2148.5 (Supp. 1966), specifically dealing with the fraudulent use of credit cards, preempts the field and precludes prosecution under the general forgery statute. Miss.Code 1942 Ann. § 2160 (1956).
It is a fundamental rule of statutory construction that when two statutes encompass the same subject matter, one being general and the other specific, the latter will control. 1 Sutherland, Statutory *Page 878 
Construction § 2022 (3rd ed. 1943). However, that rule is not applicable here since the above mentioned statutes do not cover the same subject matter. Section 2148.5 makes it a misdemeanor to fraudulently use a credit card to obtain or attempt to obtain goods, property or services, regardless of whether a forgery is committed. While the appellant could have been charged under section 2148.5, there is nothing in that statute to preclude his being prosecuted under the general forgery statute. See Vannerson v. State, 403 S.W.2d 791 (Tex.Cr.App. 1966).
Affirmed.
RODGERS, BRADY, PATTERSON and SMITH, JJ., concur.