412 So.2d 241 (1982)
Johnny BOURDEAUX
v.
STATE of Mississippi.
No. 53132.
Supreme Court of Mississippi.
April 7, 1982.
Leslie C. Gates, Meridian, for appellant.
Bill Allain, Atty. Gen., by Carolyn B. Mills, Sp. Asst. Atty. Gen., Jackson, for appellee.
*242 Before SUGG, P.J., and BROOM and BOWLING, JJ.
BOWLING, Justice, for the Court:
Appellant was indicted, tried and convicted of escape in the Circuit Court of Lauderdale County and sentenced to a term of three years with the Department of Corrections. There are several assignments of error. Only one has merit and disposes of the appeal. This is that "the court erred in sentencing Johnny Bourdeaux to serve a sentence of three years."
At the time of the incidents leading to the escape indictment, appellant in February 1980, had plead guilty to two charges of burglary. He was sentenced to serve a term of five years on one charge and one year on the other. The sentences were to run concurrently.
Appellant was not carried to the Department of Corrections facility and was not secured by that department. He remained in the Lauderdale County Jail. For some time prior to October 17, 1980, the date of the alleged escape, appellant had been given a semi-trusty status. He was permitted by the officers to run various errands for them. He would take out the garbage and work at the county service station. He was not required to be accompanied by an officer but made these trips outside the jail alone. On October 17, 1980, appellant left the jail at about 12:05 p.m. stating to the officials that he had been instructed to carry another officer's car to the service station to remove a siren and was also to take the garbage at the same time. Undisputedly appellant drove the car to the service station where the work was being performed. Appellant could not resist talking with his girlfriend, so he went to the nearby bus station and called her. This resulted in the girlfriend taking appellant for a ride from which he did not return. He was located on December 7, 1980, and returned to incarceration in the jail.
Appellant was indicted under the provisions of Section 97-9-45, Mississippi Code Annotated (Supp. 1981), which provides:
If any person sentenced to the penitentiary for any term less than for life shall escape, or shall escape from custody before confinement therein, he shall, upon conviction, be punished by imprisonment in such prison for a term not exceeding five (5) years, to commence from and after the expiration of the original term of his imprisonment as extended in consequence of such escape, and shall forfeit all earned time toward a parole; provided, however, that if any person sentenced to the penitentiary for life shall escape, he shall, upon conviction, forfeit all earned time toward a parole.
Any convict who is entrusted to leave the boundaries of the penitentiary by the penitentiary authorities or by the governor, and who wilfully fails to return within the stipulated time, or after the accomplishment of the purpose for which he was entrusted to leave, shall be considered an escapee and subject to prosecution under this section.
It is contended by appellant that he should have been indicted and tried under the provisions of Section 97-9-49, Mississippi Code Annotated (Supp. 1981), which provides as follows:
If any person confined in any jail upon any conviction for a criminal offense shall escape therefrom, or shall escape from custody before confinement therein, he shall, upon conviction, be punished by imprisonment in the penitentiary not exceeding two (2) years, or in the county jail not exceeding one (1) year to commence from the expiration of his former sentence.
Anyone confined in any jail who is entrusted by any authorized person to leave the jail for any purpose and who wilfully fails to return to the jail within the stipulated time, or after the accomplishment of the purpose for which he was entrusted to leave, shall be considered an escapee and subject to prosecution under this section, and may be punished by the addition of not exceeding six (6) months to his original sentence.
*243 A general principle is well established that when facts constituting a criminal offense may fall within either of two or more statutes or there is substantial doubt as to which applies, the statute imposing the lesser punishment shall be applied. In Grillis v. State, 196 Miss. 576, 17 So.2d 525 (1944), this Court, through Justice Griffith, stated:
The case, then, is one for the application of the rule that when the facts which constitute a criminal offense may fall under either of two statutes, or when there is substantial doubt as to which of the two is to be applied, the case will be referred to the statute which imposes the lesser punishment. See cases cited 24 C.J.S., Criminal Law § 1979, p. 1193 under Note 75. And under the attempt statute Section 793, Code 1930, Section 2017, Code 1942, no greater punishment may be administered than that prescribed for the actual commission of the offense attempted.
There certainly is substantial doubt as to which of the above quoted sections is applicable. Under Section 97-9-45 it is required to prove that the accused escaped from the Department of Corrections (penitentiary) or escaped from "custody" before confinement. While not clear, this custody seems to imply that it refers to the Department of Corrections. This implication is strengthened by the provisions of Section 97-9-49, which is confined to escape from a "jail."
We have already discussed the evidence that appellant was entrusted to leave the jail for designated purposes and including errands and was entrusted to do this alone. According to Section 97-9-49, appellant "wilfully failed to return to the jail within the stipulated time, or after the accomplishment of the purpose for which he was entrusted to leave." It is readily apparent therefore that we must hold that Section 97-9-49 applies and the maximum sentence that may be given appellant under the record in this particular case is the additional sentence not exceeding six months to his original sentence. We, therefore, affirm the conviction, vacate the previous sentence, and remand to the lower court for proper sentence.
AFFIRMED AS TO CONVICTION; SENTENCE VACATED; and REMANDED FOR PROPER SENTENCE.
PATTERSON, C.J., SUGG and WALKER, P. JJ., and BROOM, ROY NOBLE LEE, HAWKINS, DAN M. LEE and DARDEN, JJ., concur.