431 So.2d 1117 (1983)
Bobby BURRESS, Jr.
v.
STATE of Mississippi.
No. 54259.
Supreme Court of Mississippi.
May 25, 1983.
Langston & Lott, Duncan Lott, Booneville, for appellant.
Bill Allain, Atty. Gen. by Bill Patterson, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before BROOM, P.J., and HAWKINS and DAN M. LEE, JJ.
DAN M. LEE, Justice, for the Court:
This case originated in the Justice Court of the First Judicial District of Tishomingo County wherein Bobby Burress, Jr., defendant/appellant, was fined $33.00 upon a plea of nolo contendere to a charge of fishing a trotline without his name and address being attached thereto by a metal or plastic tag located on either end of the trotline. An appeal was taken to the Circuit Court where the case was tried de novo. At the conclusion of the trial, Burress was acquitted on three charges stemming from the alleged illegal running of trotlines on March 31, 1981, however he was convicted of fishing a trotline without his name and address being attached thereto by a metal or plastic tag. Burress was fined $25.00. Aggrieved of his conviction, Burress has appealed to this Court. We reverse.
On April 1, 1981, appellant, a conservation officer for the Mississippi Department of Wildlife Conservation was running a nylon trotline in Pickwick Lake in Tishomingo County. The trotline apparently belonged to Gayle Floyd and Mr. Parker. However, Floyd had granted appellant written permission to run the line. Both Floyd's and Parker's names were attached to the line as required by Public Notice # 1718 effective July 1, 1974, pertaining to the use of nylon trotlines.
Appellant was confronted by James Leathers, appellant's supervisor, who inquired as to whether appellant had his name on the trotlines he was running. Appellant asserted he did not but explained that he had written permission to run the lines from the owners. A subsequent check of the trotlines revealed that appellant's name did not appear thereon.
Burress' appeal to this Court involves but one issue being;
The court erred in submitting Public Notice 1514 to the jury as the law concerning use of nylon trotline when the proper law pertaining to the use of nylon trotlines was Public Notice 1718 and thus the *1118 court erred in instructing the jury that it was an offense to use a trotline without the name and address of the user printed on a metal or plastic tag rather than the owner.
The jury in the case sub judice was instructed according to Public Notice 1514, which was passed on March 16, 1971, and provides as follows:
Notice is hereby given that the State Game and Fish Commission at a special meeting held in Jackson, Mississippi, in the offices of the Commission, Robert E. Lee Building, on March 16, 1971, passed the following order amending regulations for fishing trotlines in all of the freshwater areas of Mississippi:
BE IT ORDERED that effective this date anyone fishing a trotline or throw line must mark said line at one end with a tag of metal or plastic.

BE IT ORDERED that said tag shall have the owner's name and address printed thereon.
BE IT FURTHER ORDERED that anyone found using a line that does not have his name thereon shall be deemed in violation of this order.

On April 9, 1974, Public Notice 1718 was passed. It repealed the previous prohibition against the use of nylon trotlines and because it deals specifically with nylon trotlines, appellant contends the jury should have been instructed in accordance with this regulation rather than 1514. It provides:
Notice is hereby given that the Mississippi Game and Fish Commission at a regular meeting held April 9, 1974, in their offices at Jackson, Mississippi, adopted the following order.
BE IT ORDERED that Public Notice No. 1700 prohibiting nylon trotlines is hereby repealed.
BE IT FURTHER ORDERED that effective July 1, 1974, nylon trotlines for personal use are hereby prohibited in the waters of the State of Mississippi unless at least 10 feet of cotton line is used to attach said nylon lines to all anchoring devices and the user has a proper license.
BE IT FURTHER ORDERED that at no time shall the nylon be attached directly to a bank, stake, tree, log, anchor, or any other device that would hold said nylon line in place.
BE IT FURTHER ORDERED that the maximum number of hooks shall be 100 and shall be spaced at least 3 feet apart and shall be so fixed to where they cannot slip together.
BE IT FURTHER ORDERED that the name and address of the owner shall be attached to one end of said trotline.

The alleged conflict between the two public notices arises from the fact that Public Notice 1514 requires anyone fishing a trotline to have his name and address attached thereto regardless of whether he is the owner of the line, whereas Public Notice 1718 pertaining to nylon trotlines only requires that the owner's name and address be attached to the line.
Our inquiry begins with the recitation of a well-known rule of statutory construction which involves the construction to be given general and specific statutes which govern the same subject. In Andrews v. Waste Control, Inc., 409 So.2d 707 (Miss. 1982), this Court stated:
In McCrory v. State, 210 So.2d 877 (Miss. 1968), this Court stated:
It is a fundamental rule of statute construction that when two statutes encompass the same subject matter, one being general and the other specific, the latter will control. 1 Sutherland, Statutory Construction § 2022 (3rd ed. 1943).
(210 So.2d at 877-78)
409 So.2d at 713)
See also McCrory v. State, 210 So.2d 877 (Miss. 1968).
Applying this principle to the facts at hand, Public Notice 1514 apparently was enacted to govern the use of all trotlines. Subsequently, Public Notice 1718 was enacted to specifically govern the use of nylon trotlines which were previously prohibited. *1119 Public Notice 1718, therefore, dealing specifically with a part of the subject matter embraced within Public Notice 1514 would qualify the latter. As stated in Dunn Constr. Co. v. Craig, 191 Miss. 682, 2 So.2d 166 (1941):
But, aside from that judicial construction of the legislative intent and purpose, it is also true that where there is a special statute dealing particularly and specifically with a part of the subject matter embraced within a general statute, the special statute will ordinarily be regarded as an exception or qualification engrafted upon the general statute to the extent that the latter is in conflict or in apparent conflict with the former. White v. Lowry, Insurance Commissioner, 162 Miss. 751, 139 So. 874; Greaves v. Hinds County, 166 Miss. 89, 145 So. 900; Gully v. Lumbermen's Mutual Cas. Company, 176 Miss. 388, 166 So. 541, 168 So. 609. (191 Miss. at 701, 2 So.2d at 170)
The failure to include within the confines of Public Notice 1718 any provision that a mere user of a nylon trotline must have his name attached thereto indicates that such was not within the intention of the enacting body. See Clay Co. v. Chickasaw Co., 64 Miss. 534, 1 So. 753 (1886).
Because Public Notice 1718 was the controlling law in this case the trial court erred in instructing the jury based on Public Notice 1514.
Furthermore, since there was no dispute that the owners names were attached to the nylon trotline as required by Public Notice 1718, the jury if properly instructed would have had no alternative under the evidence except to return a verdict of not guilty. The state, having failed in its burden of proof to establish that appellant's conduct was violative of any rule or regulation enacted by the Mississippi Commission on Wildlife Conservation, we must reverse appellant's conviction and discharge him from criminal liability in this case.
Based on the foregoing appellant's conviction and fine are hereby reversed and appellant is discharged.
REVERSED AND APPELLANT DISCHARGED.
PATTERSON, C.J., WALKER and BROOM, P.JJ., and ROY NOBLE LEE, HAWKINS, PRATHER and ROBERTSON, JJ., concur.
BOWLING, J., not participating.