438 So.2d 278 (1983)
Clayton CARLETON
v.
STATE of Mississippi.
No. 54332.
Supreme Court of Mississippi.
September 7, 1983.
William D. Bethea, III, Gulfport, Thomas J. Lowe, Jr., Jackson, for appellant.
Bill Allain, Atty. Gen. by Anita Mathews Stamps, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before WALKER, P.J., and ROY NOBLE LEE and HAWKINS, JJ.
WALKER, Presiding Justice, for the Court:
This is an appeal from the Circuit Court of Harrison County, Mississippi, wherein appellant was indicted and tried for an attempted[1] jail escape. Upon conviction he was sentenced to a term of two years in the custody of the Mississippi Department of Corrections to run consecutively with the sentence he was serving in Cause Number 17,670.
Appellant, having been convicted of murder on March 18, 1981, was then sentenced to serve a term of life in the Mississippi Department of Corrections. On May 15, 1981, while housed in the Harrison County Jail in Gulfport, Mississippi, the appellant in an attempt to escape jail was apprehended by two of the county jailers. Following trial the jury entered its verdict "We, the jury, find the defendant guilty of attempted jail escape."
The appellant does not contest his guilt but asserts the lower court erred in sentencing him under the wrong statute.
The lower court sentenced appellant under Mississippi Code Annotated section 97-9-49 (Supp. 1982) which reads in part:
If any person confined in any jail upon any conviction for a criminal offense shall escape therefrom, or shall escape from custody before confinement therein, he shall, upon conviction, be punished by imprisonment in the penitentiary not exceeding two (2) years, or in the county jail not exceeding one (1) year to commence from the expiration of his former sentence. *279 This is the general statute dealing with a prisoner's escape.
Appellant contends that he should have been sentenced under Mississippi Code Annotated section 97-9-45 (Supp. 1982) which reads in part:
If any person sentenced to the penitentiary for any term less than for life shall escape, or shall escape from custody before confinement therein, he shall, upon conviction, be punished by imprisonment in such prison for a term not exceeding five (5) years, to commence from and after the expiration of the original term of his imprisonment as extended in consequence of such escape, and shall forfeit all earned time toward a parole; provided, however, that if any person sentenced to the penitentiary for life shall escape, he shall, upon conviction, forfeit all earned time toward a parole.
Both statutes apply to escape of prisoners.[2] However, section 97-9-45 is more applicable in that it specifically covers persons who escape from custody, before confinement and after being sentenced to the penitentiary for life. These provisions fit the facts of this case like a glove. At the time of Carleton's attempted escape he was under a penitentiary sentence for a term of life and had not been confined in the penitentiary. In McCrory v. State, 210 So.2d 877 (Miss. 1968), this Court stated:
It is a fundamental rule of statutory construction that when two statutes encompass the same subject matter, one being general and the other specific, the latter will control.
210 So.2d at 877.
We are therefore of the opinion the lower court erred in sentencing appellant to a term of two years under section 97-9-49. The correct sentence for this appellant under section 97-9-45 is that he forfeit[3] all earned time, including any time he has presently earned as well as any future earned time that he would otherwise accumulate.
For the above stated reasons Carleton's sentence of two years is reversed and modified to the extent that he shall forfeit all present earned time as well as any future earned time that he would otherwise expect to earn. A copy of this order shall be furnished the clerk of the Circuit Court of Harrison County and entered on the minutes thereof and a copy furnished the appellant as well as the attorneys involved.
SENTENCE REVERSED AND MODIFIED.
PATTERSON, C.J., BROOM, P.J., and ROY NOBLE LEE, BOWLING, HAWKINS, DAN M. LEE, PRATHER and ROBERTSON, JJ., concur.
NOTES
[1] See Mississippi Code Annotated section 97-1-7 (1972).
[2] The indictment did not specify which statute Carleton was being tried under and the record is unclear and ambiguous in this regard.
[3] Forfeit has been defined as follows: To "lose or lose the right to by some ... offense, or crime... ." (Webster's Third New International Dictionary 891 (1971)).