DAN M. LEE, Justice,
for , the Court:
The Circuit Court of Hancock County indicted Jay Cunningham, along with three others, on charges of escaping from the Hancock County jail, where he was being held on a conviction of rape. Cunningham had been sentenced on the rape conviction to life imprisonment in the Mississippi State Penitentiary, but was apparently in the Hancock County jail awaiting the results of his appeal of that conviction.
The indictment for jail escape did not specify the statute which was violated. After the jury returned a verdict of guilty, the following exchange ensued between the court and the public defender:
THE COURT: Let’s see, this carries five years, doesn’t it?
MR. FRISBIE: Yes, your Honor.
The court sentenced Cunningham to five years imprisonment in the custody of the Mississippi Department of Corrections. Cunningham has appealed, asserting that his sentence exceeds the maximum allowed by law. Because we believe that Cunningham’s argument has merit, we reverse his sentence.
Cunningham’s argument rests on the assertion that there are two statutes dealing with escape of prisoners and that, since either of them could apply to this situation, he must be sentenced under the statute imposing the lesser punishment. The two statutes in question, as they existed at the time of Cunningham’s sentencing on April 12, 1984, read as follows:
If any person sentenced to the penitentiary for any term less than for life shall escape, or shall escape from custody before confinement therein, he shall, upon conviction, be punished by imprisonment in such prison for a term not exceeding five (5) years, to commence from and after the expiration of the original term of his imprisonment as extended in consequence of such escape, and shall forfeit all earned time toward a parole; provided, however, that if any person sentenced to the penitentiary for life shall escape, he shall, upon conviction, forfeit all earned time toward a parole.
Any convict who is entrusted to leave the boundaries of the penitentiary by the penitentiary authorities or by the Governor, and who wilfully fails to return within the stipulated time, or after the accomplishment of the purpose for which he was entrusted to leave, shall be considered an escapee and subject to prosecution under this section.
Miss.Code Ann. § 97-9-45 (Supp.1984)
(1) Whoever escapes or attempts by force or violence to escape from any jail in which he is confined, or from any custody under or by virtue of any process issued under the laws of the State *310 of Mississippi by any court or judge, or from the custody of a sheriff or other peace officer pursuant to lawful arrest, shall, upon conviction, if the confinement or custody is by virtue of an arrest on a charge of felony, or conviction of a felony, be punished by imprisonment in the penitentiary not exceeding five (5) years to commence at the expiration of his former sentence, or, if the confinement or custody is by virtue of an arrest of or charge for or conviction of a misdemean- or, be punished by imprisonment in the county jail not exceeding one (1) year to commence at the expiration of the sentence which the court has imposed or which may be imposed for the crime for which he is charged.
(2) Anyone confined in any jail who is entrusted by any authorized person to leave the jail for any purpose and who wilfully fails to return to the jail within the stipulated time, or after the accomplishment of the purpose for which he was entrusted to leave, shall be considered an escapee and may be punished by the addition of not exceeding six (6) months to his original sentence.
Miss.Code Ann. § 97-9-49 (Supp.1984).
A close examination of the two statutes convinces us that either could apply to this case. Section 97-9-45 could apply because Cunningham was sentenced to the penitentiary, although he escaped before his incarceration there. Under its terms, Cunningham would, by virtue of his life sentence, lose all his time earned toward a parole. Section 97-9-49 could apply to Cunningham because he escaped from a jail in which he was confined. Applying this statute, as the court below apparently did, results in a five year sentence for those confined initially on felony conviction.
Because either of the statutes cited above could apply in this case, we are constrained to follow our holdings in Carleton v. State, 438 So.2d 278 (Miss.1983), and Bourdeaux v. State, 412 So.2d 241 (Miss.1982), to the effect that Cunningham should have been sentenced under the statute which imposed the least punishment.
We hold, therefore, that Jay Cunningham’s sentence of five years be reversed and that his sentence be modified so that he forfeit any earned time toward his parole per Carleton. A copy of this opinion shall be furnished the clerk of the Circuit Court of Hancock County and entered on the minutes thereof and a copy furnished the appellant, as well as the attorneys involved.
SENTENCE REVERSED AND MODIFIED.
PATTERSON, C.J., WALKER and ROY NOBLE LEE, P.JJ., and HAWKINS, PRATHER, ROBERTSON, SULLIVAN and ANDERSON, JJ., concur.