On January 29, 1986, the appellee entered a guilty plea to the crime of escape and he was sentenced to six (6) months in the custody of the Harrison County Jail as an habitual offender pursuant to Miss. Code Ann. § 97-9-49(2) (Supp. 1985) and Miss. Code Ann. § 99-19-81 (Supp. 1985). This appeal was initiated by the State of Mississippi as a result of the decision of the lower court to sentence the appellee under Miss. Code Ann. § 97-9-49(2) (Supp. 1985) rather than Miss. Code Ann. § 97-9-49(1) (Supp. 1985).
In an indictment filed on or about September 26, 1985, the appellee, Jeffrey Allen Bradford, was charged with escape under Miss. Code Ann. § 97-9-49 (Supp. 1985). He pled guilty and was sentenced to six (6) months under Miss. Code Ann. § 97-9-49(2) (Supp. 1985) said sentence to run consecutively with two (2) five (5) year sentences, also running consecutively with each other, for robbery.
The facts surrounding the so-called escape are as follows. The appellee was a "trusty" in the Harrison County Jail. He was working at the Sheriff's Office Service Station which is about a mile and a half from the jail itself. The appellee had been granted permission to leave the service station on previous occasions but not on the day of the so-called escape. He had been drinking beer with friends when he remembered his ill-fated wedding plans which were interrupted by his incarceration. He decided to go visit his girl friend in Florida and he stayed there for a full month until the authorities apprehended him and returned him to Gulfport.
There is no dispute that at the time of the escape the appellee was lawfully confined at the Harrison County Jail as a result of the penitentiary sentences which had been previously imposed on him. It is also uncontradicted that the appellee was assigned by the authorities of the sheriff's department to work at the sheriff's office service station at the time of the escape. *Page 228 
In other words he was entrusted to leave the jail by authorized persons and directed to the service station and it was from this authorized departure and place that the appellee failed to return to the jail.
Appellant State of Mississippi assigns as error that the lower court erred in sentencing the appellee under Miss. Code Ann. §97-9-49(2) (Supp. 1985) instead of Miss. Code Ann. § 97-9-49(1) (Supp. 1985).
Miss. Code Ann. § 97-9-49 (Supp. 1985) reads as follows:
 (1) Whoever escapes or attempts by force or violence to escape from any jail in which he is confined, or from any custody under or by virtue of any process issued under the laws of the State of Mississippi by any court or judge, or from the custody of a sheriff or other peace officer pursuant to lawful arrest, shall, upon conviction, if the confinement or custody is by virtue of and arrest on a charge of felony, or conviction of a felony, be punished by imprisonment in the penitentiary not exceeding five (5) years to commence at the expiration of his former sentence, or, if the confinement or custody is by virtue of an arrest of or charge for or conviction of a misdemeanor, be punished by imprisonment in the county jail not exceeding one (1) year to commence at the expiration of the sentence which the court has imposed or which may be imposed for the crime for which he is charged.
 (2) Anyone confined in any jail who is entrusted by any authorized person to leave the jail for any purpose and who wilfully fails to return to the jail within the stipulated time, or after the accomplishment of the purpose for which he was entrusted to leave, shall be considered an escapee and may be punished by the addition of not exceeding six (6) months to his original sentence.
At the time of appellee's escape he had been lawfully confined in the Harrison County Jail as a result of the penitentiary sentences which had previously been imposed.
Appellant argues that in analyzing the facts of the case at issue under Miller v. State, 492 So.2d 978 (Miss. 1986), the appellee can only be sentenced under § 97-9-49(1). The appellant's reasoning being that Bradford made 1) "a knowing andvoluntary departure" 2) "from lawful custody" 3) "with theintent to evade the due course of justice" pursuant to Miss. Code Ann. § 97-9-49(1). Miss. Code Ann. § 97-9-49(2) contemplates an involuntary departure involving situations such as an inmate being assigned to leave jail for a particular purpose.
The appellee was assigned to work at the sheriff's office gas station which was one and one-half miles away from the jail premises. This assignment constitutes an involuntary departure contemplated by Miss. Code Ann. § 97-9-49(2) (Supp. 1985) from the jail to the service station. It was from this assignment to the service station that the appellee voluntarily departed and failed to return to the jail.
Boudreaux v. State, 412 So.2d 241 (Miss. 1982) involved an inmate in the Lauderdale County Jail of semi-trusty status. The inmate left the county jail to carry an officer's car to the service station. He left the car at the service station, called his girl friend and went for a ride with her from which he did not return. In Boudreaux the Court determined that appellant "willfully failed to return to the jail within the stipulated time, or after the accomplishment of the purpose for which he was entrusted to leave." Boudreaux at 243. In conformity with such willful failure to return from an authorized departure rather than the jail itself this Court held that it must apply Miss. Code Ann. § 97-9-49(2) and therefore impose a sentence not exceeding six (6) months to his original sentence.
Similarly, in the instant case Bradford was entrusted by an authorized person to leave the jail on a particular errand, that is to the sheriff's office service station where he worked. It was from this authorized departure that he failed to return. This *Page 229 
failure to return constitutes escape pursuant to Miss. Code Ann. § 97-9-49(2). Therefore, the lower court did not err in sentencing the appellee under Miss. Code Ann. § 97-9-42(2) as opposed to Miss. Code Ann. § 97-9-42(1). We affirm.
AFFIRMED.
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., and PRATHER, ROBERTSON, SULLIVAN, ANDERSON and GRIFFIN, JJ., concur.