DAN M. LEE, Presiding Justice,
dissenting:
Because I take grave exception with the majority’s gradual — but certain, abrogation of constitutional and statutory rights to a jury trial for alleged violations of § 25-4-105(2), I respectfully dissent.
The majority opinion adequately presents the facts of the case, and I trust there is no need to repeat those efforts here. In the past year, this Court has become very familiar with public official conflicts of interest cases. See Smith, et al. v. Dorsey, et al., II, 599 So.2d 529 (as modified on Petition for Rehearing, April 20, 1992) (McRae, J., dissenting). For the case on appeal today, the judicial debate continues in this area of the law.
The proper perspective of the issues which we consider with the Towners’ appeal takes us back to 1983. In that year, the Mississippi Legislature enacted an entire package of conflicts of interest legislation which, in essence, codified section 109 of the Mississippi Constitution[1] and pre *1104 scribed various rights and penalties.[2] The Attorney General and the Mississippi Ethics Commission have alleged that the Town-ers violated section 25-4-105(2), a code section which prohibits certain business relationships. Section 25-4-105(2) was a product of the 1983 legislation, and it provides as follows:
(2) No public servant shall be interested, directly or indirectly, during the term for which he shall have been chosen, or within one (1) year after the expiration of such term, in any contract with the state, or any district, county, city or town thereof, authorized by any law passed or order made by any board of which he may be or may have been a member.
Miss. Code Ann. § 25-4-105(2) (Rev.1991).
In addition to defining prohibited relationships in government and business, the legislative package of 1983 addresses venue and jurisdiction for conflicts of interest complaints (Miss. Code Ann. § 25-4-107(1)); who may bring such actions (§ 25-4-107(1)); the burden of proof for conflicts of interest claims along with specific penalties for elected and nonelected public servants (§ 25-4-109); authority to discipline public officials who have violated ethics laws (§ 25-4-111); civil actions for damages against violators (§ 25-4-113); civil liability (§ 25-4-115); and, the potential for criminal liability for an ethics violation (§ 25-4-117).
Indeed, the legislative package of 1983 governing public official conflicts of interest is comprehensive and broad. For example, subsection six (6) of section 105 allows a violator to retain the reasonable value of the services furnished prior to receiving notice that the contract has been declared void by the governing body which authorized the contract:
(6) Any contract made in violation of this section may be declared void by the governing body of the contracting or selling authority of the governmental subdivision or a court of competent jurisdiction and the contractor or subcontractor shall retain or receive only the reasonable value, with no increment for profit or commission, of the property or the services furnished prior to the date of receiving notice that the contract has been voided.
Miss. Code Ann. § 25-4-105(6) (Rev.1991).
Subsection seven (7) of section 25-4-105 specifically provides that violators are to be punished in accordance with sections 25-4-109 and 25-4-111.
(7) Any person violating the provisions of this section shall be punished as provided for in Sections 25-4-109 and 25-4-111.
Miss. Code Ann. § 25-4-105(7) (Rev.1991).
The next section of the Code, § 25-4-107(1), addresses venue for conflicts of interest suits and who may initiate such actions. Last, but certainly not least, in subsection two (2), the legislature mandated a jury trial and the requirement of a unanimous verdict as a prerequisite for finding an ethics violation. The entire text of § 25-4-107 provides as follows:
§ 25-4-107. Complaints; where brought; removal; initiated by; defendant’s right to jury trial.
(1) Any complaint for a violation of this article shall be brought in the circuit court of the county in which the violation occurred; provided, however, that upon the motion of the defendant such action shall be removed to the county in which the defendant resides. Any such complaint may be initiated only by the Mississippi Ethics Commission or the district attorney of the county in which the violation occurred.
(2) The defendant in any trial for a violation of this article shall have the right to a trial by jury; provided, however, that such defendant may, upon proper motion, waive his right to a trial by jury. A unanimous verdict of the jury shall be required for a finding of a violation of this article.
Miss. Code Ann. § 25-4-107 (Rev.1991) (emphasis added).
The right to a jury trial is firmly embedded in our common law jurisprudence. In addition to § 25-4-107(2), which controls in *1105 this case, Miss. Const, art. Ill, § 31 provides as follows:
The right of trial by jury shall remain inviolate, but the legislature may, by enactment, provide that in all civil suits tried in the circuit and chancery court, nine or more jurors, may agree on the verdict and return it as the verdict of the jury.
Despite the legislative and constitutional mandate of a jury trial and other statutes governing conflicts of interest actions, the majority conveniently concludes that Mississippi Rule of Civil Procedure 56 (summary judgment) “repeals” an entire section of the Mississippi Code — chapter, title, and verse — or, in this case — title, chapter, section, and subsection. When this Court adopted Mississippi Rule of Civil Procedure 56, we did not intend, nor could we, repeal a specific act of the legislature, particularly one which affords citizens of this state fundamental rights such as a jury trial. Yet, that is precisely what the majority opinion does.
Section § 25-4-107(2) is a very specific statute which extends the right to a jury trial for allegations of ethics violations described in § 25-4-105. By comparison, M.R.C.P. 56 is the generic rule of summary judgment which is potentially applicable to all sorts of civil actions. Until today, I thought it settled law that specific statutes and rules control and thus pre-empt generic, “catch-all” rules and statutes. See Triangle Enterprises v. Mabus, 467 So.2d 650, 652 (Miss.1985); Roberts v. Mississippi Republican Party State Executive Committee, 465 So.2d 1050, 1055 (Miss.1985); Carleton v. State, 438 So.2d 278, 279 (Miss.1983); Burress v. State, 431 So.2d 1117, 1118 (Miss.1983).
Common sense and sound logic reveal a legislative intent to elevate this type of action above the “run of the mill” civil action governed by M.R.C.P. 56. I trust that the state’s “clear and convincing” burden of proof coupled with specific legislative expression for a jury trial and requirement of unanimous verdict clearly establishes the point. See Miss. Code Ann. § 25-4-107(2), -109 (Rev.1991). Absent a waiver,[3] the Towners are entitled to the full measure of their constitutional and statutory rights, which the majority denies them.
In the past, I have not been reluctant to warn of Rule 56’s encroachment on the fundamental right to a jury trial. Donald v. Reeves Transport Co., 538 So.2d 1191, 1196 (Miss.1989) (summary judgment should be granted with great caution); Pope v. Schroeder, 512 So.2d 905, 908 (Miss.1987) (M.R.C.P. 56 should not be used to “snuff out” litigant’s right to trial unless appropriate). However, I also acknowledge Rule 56’s utility in the appropriate case. Bulloch v. City of Pascagoula, 574 So.2d 637 (Miss.1990); Adams v. Fred’s Dollar Store, 497 So.2d 1097 (Miss.1986); Prescott v. Bay St. Louis Newspapers, Inc., 497 So.2d 77 (Miss.1986); Modling v. Bailey Homes & Ins., 490 So.2d 887 (Miss.1986).
The case at bar is not the appropriate case — especially when the Mississippi Legislature has specifically declared that a unanimous verdict of the jury is required before finding an ethics violation under § 25-4-105(2). In Newell v. State, 308 So.2d 71 (Miss.1975), this Court announced that it would be making use of its inherent rule making authority to promulgate and adopt rules of procedure to facilitate the administration of justice in the courts of this state. Mississippi Rule of Civil Procedure 56 (summary judgment), was a direct product of the approach which this Court took in Newell and its progeny. However, Newell declared that the rules of procedure would be used consistent with, and not a substitute for, the rules of judicial procedure enacted by the legislature of this state — a fact which the majority conveniently forgets from time to time:
[W]e hasten to say that as long as rules of judicial procedure enacted by the legislature coincide with fair and efficient administration of justice, the Court will *1106 consider them in a cooperative spirit to further the state’s best interest....
Newell v. State, 308 So.2d 71, 78 (Miss.1975).
In Mississippi and throughout the United States, it is accepted that state legislatures have the constitutional prerogative to pass procedural statutes governing the practice of law and the administration of justice. Hall v. State, 539 So.2d 1338, 1352 (Miss.1989) (Pres. Justice Hawkins, Dissenting). Yet, the majority once again invents a judicial veto of the legislative branch’s constitutional authority.
For reasons which I have stated here, and others, I would reverse the grant of summary judgment entered by the Quit-man County Circuit Court and remand the same for a jury trial as mandated by Miss. Code Ann. § 25-4-107(2) (Rev.1991).
HAWKINS, P.J., joins this opinion.

. No public officer or member of the legislature shall be interested, directly or indirectly, in any contract with the state, or any district, county, city, or town thereof, authorized by any law passed or order made by any board of which he may be or may have been a member, during the term for which he shall have been chosen, or within one year after the expiration of such term.
Miss. Const, art. IV, § 109.

. This legislation is codified at Miss.Code Ann. §§ 25-4-101 to 25-4-119 (Rev.1991).

. There is no suggestion in the record, nor does the majority contend that the Towners have done anything to waive their rights pursuant to Miss.Code Ann. § 25-4-107(2) (Rev.1991).