811 So.2d 340 (2001)
Ned JACKSON, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2000-CP-00153-COA.
Court of Appeals of Mississippi.
January 16, 2001.
*341 Ned Jackson, Pro Se.
Office of the Attorney General By Billy L. Gore, Attorneys for Appellee.
Before McMILLIN, C.J., LEE, and PAYNE, JJ.
McMILLIN, C.J., for the Court:
¶ 1. Ned Jackson has appealed from an order entered in the Circuit Court of Jefferson County denying, without hearing, any relief on his motion for post-conviction relief. We conclude that Jackson's motion was, in fact, a second attempt to gain post-conviction relief that did not fall within any of the statutory exceptions to the provision that bars subsequent filings after one motion has been acted upon by the court. Therefore, both the Jefferson County Circuit Court and, by logical extension, this Court are without jurisdiction to consider the appeal.
¶ 2. Jackson pled guilty to sexual battery on February 21, 1997. On November 10, 1999, he filed with the circuit court a "Motion to Correct, Modify, of Vacating Sentence," in which he specifically invoked this State's post-conviction relief statute as the basis for the court's jurisdiction to consider the matters raised in his motion. Among the grounds for relief asserted in that motion, Jackson claimed that he was coerced into pleading guilty, that his lawyer misled him as to his eligibility for parole, and that his counsel was ineffective because he should have known that a ten year mandatory sentence was excessive. Jackson asked that the circuit court reduce his sentence from ten to five years "and any other relief this Court deems necessary."
¶ 3. The circuit court, by order entered November 12, 1999, denied relief on the motion. The court, apparently limiting itself to Jackson's request for a reduction in his sentence, concluded that it lacked jurisdiction to alter his sentence in that manner. The court, in its order, did not consider Jackson's remaining and more general claim for relief, which, considering the caption of the motion, certainly could have been read to include a request that the sentence be vacated rather than simply modified. We have little doubt that this motion invoked the court's authority to act under the post-conviction relief statute. To the extent that the trial court interpreted the motion otherwise, that was simply an error of law readily correctable on appeal. However, Jackson did not perfect an appeal from the denial of that motion.
¶ 4. Instead, on December 30, 1999, he filed a second pleading entitled "Motion for Post Conviction Collateral Relief," in which he once again set out his dissatisfaction with his attorney's performance in permitting him to plead guilty without trial. The circuit court entered an order on that same day denying any relief on that motion. Jackson filed his notice of appeal on January 27, 2000.
¶ 5. Section 99-39-27(9) declares that "[t]he dismissal or denial of an application under this section is a final judgment and shall be a bar to a second or successive application under this chapter." Miss.Code Ann. § 99-39-27(9) (Rev.2000). The section goes on to list several exceptions to this concept of finality, but none have any application to this case. Jackson had a right of appeal from the circuit court's November 12, 1999 order denying relief on his first motion, but that right of appeal expired at the end of thirty days from its date of entry. Miss.Code Ann. § 99-39-25(1) (Rev.2000); M.R.A.P. 4(a). The time to appeal expired well before Jackson's notice of appeal was filed.
¶ 6. The circuit court denied Jackson relief based on the merits of his motion *342 even though it was without jurisdiction to consider a second motion seeking post-conviction relief. It is the customary practice, in the name of judicial economy, for an appellate court to affirm the trial court if the right result is reached even though for the wrong reason. Puckett v. Stuckey, 633 So.2d 978, 980 (Miss.1993). We do so in this case.
¶ 7. THE JUDGMENT OF THE CIRCUIT COURT OF JEFFERSON COUNTY DENYING POST-CONVICTION RELIEF IS AFFIRMED. COSTS OF THE APPEAL ARE ASSESSED TO JEFFERSON COUNTY.
KING and SOUTHWICK, P.JJ., BRIDGES, IRVING, LEE, MYERS, PAYNE, and THOMAS, JJ., concur. CHANDLER, J., not participating.