## IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2002-CT-00394-SCT

*SHANNON JENKINS a/k/a SLINK*

*v.*

*STATE OF MISSISSIPPI*

## ON WRIT OF CERTIORARI

| | |
|---|---|
| DATE OF JUDGMENT: | 2/8/2002 |
| TRIAL JUDGE: | HON. JOHN M. MONTGOMERY |
| COURT FROM WHICH APPEALED: | OKTIBBEHA COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | JOSEPH JOSHUA STEVENS, JR. |
| | HARVEY LEE MORRISON, JR. |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: DEIRDRE McCRORY |
| DISTRICT ATTORNEY: | FORREST ALLGOOD |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | AFFIRMED IN PART; REVERSED AND REMANDED IN PART - 10/14/2004 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**GRAVES, JUSTICE, FOR THE COURT:**

¶1.    Following the  revocation of his probation for a prior conviction, Shannon  Jenkins was housed in a county jail and enjoyed trustee status while he awaited transfer to the state penitentiary.   Jenkins escaped by walking away from jail and was charged with escape.   Jenkins was tried and convicted of escape and sentenced to serve five years in the custody of the

Mississippi Department of Corrections, to run consecutively to any other sentences. The Court of Appeals affirmed the trial court finding that Jenkins was sufficiently put on notice that he was charged with felony escape. *Jenkins v. State*, 2003 WL 22846050 (Miss. Ct. App. 2003).

¶2. This Court granted certiorari. Our precedent case law holds that where the indictment fails to specify which of two applicable statutes is being charged, then the defendant must be sentenced under the statute which provides the lesser punishment.

¶3. We find that Jenkins's indictment failed to specify which of the two escape statutes applied. Thus Jenkins is entitled to be sentenced under the then applicable statute which is no more than six months.

**FACTS**

¶4. The Court of Appeals's opinion included the following factual background:

> On February 4, 1994, Jenkins pled guilty to vehicular manslaughter and was sentenced to a term of ten years in the custody of the Mississippi Department of Corrections. Jenkins' sentence was suspended and he was placed on probation.
>
> In April 1999, the State sought to revoke Jenkins' suspended sentence because he had been convicted of DUI and distribution of marijuana while on probation. On April 20, 1999, the trial judge entered an order revoking the suspended sentence.
>
> Following the revocation of his probation, Jenkins was being held in the county jail awaiting transportation to the penitentiary to serve his sentence on the vehicular manslaughter conviction. On May 16, 1999, at 5:00 a.m. roll call, it was discovered that Jenkins was missing from the jail. In April of 2000, Jenkins was located in Texas, where he was taken into custody. In November 2000, he was returned to Oktibbeha County to stand trial on the charge of escape.
>
> On September 17, 2001, Jenkins acting pro se, filed a motion for a speedy trial. However, this motion was not presented to the trial court until the day of trial, February 1, 2002. The trial court ruled that Jenkins' Sixth Amendment right to a speedy trial had not been violated.
>
> On February 1, 2002, immediately prior to trial, Jenkins' attorney presented a motion to quash the indictment saying that it failed to allege that Jenkins had been sentenced to the Mississippi Department of Corrections, and that he had used force or

2

violence to escape. The trial court determined that the indictment was sufficient as a matter of law and denied the motion. Upon the denial of that motion, Jenkins' attorney presented a motion which asked the trial court to determine which specific statute was relied upon as a basis for the indictment. This motion was also denied. Thereafter, the trial of this matter proceeded.

Chief Deputy George Carrithers testified that Jenkins was held in the new Oktibbeha County Jail pending the revocation hearing. He was made a trustee, but only allowed to move within the jail itself. Carrithers testified that in March 1999, Jenkins, at the request of his stepfather, was moved from the new jail and housed in the old jail across the street. Carrithers indicated that trustees housed in the old jail were allowed greater freedom of movement than those trustees housed in the new jail. However, they were not allowed to leave the premises except for special purposes and then only when accompanied by a deputy for a "special detail." According to Carrithers, he explained these restrictions to Jenkins.

Jenkins testified that he was not supervised, was free to come and go as he pleased, and was only required to tell someone if he was going after dark. Jenkins indicated that on May 16, 1999, he informed the dispatcher that he was going to the store to get himself a Coke. Jenkins testified that after getting the Coke, he did not return to the jail, but kept going.

After a trial on February 1st and 4th, 2002, Jenkins was convicted of escape and sentenced to five years in the custody of the Mississippi Department of Corrections pursuant to Mississippi Code Annotated Section 97-9-45.

*Jenkins*, 2003 WL 22846050, at * 1-2 ( ¶¶ 3-10).

¶5. The Court of Appeals affirmed the decision of the trial court after finding that the indictment sufficiently put Jenkins on notice of the felony charge of escape and that he was properly sentenced to five years in prison for violation of Miss. Code Ann. § 97-9-45.

## ANALYSIS

¶6. We affirm Jenkins's conviction for escape for the reasons stated by the Court of Appeals. Our focus here is on the appropriate sentence.

¶7. There are two applicable statutes which deal with the offense of escape. One contemplates escape from a state penitentiary while the other contemplates escape from a jail. Miss. Code Ann. § 97-9-45 (Supp. 2004) provides:

3

If any person sentenced to the Mississippi Department of Corrections for any term shall escape or attempt to escape from his particular unit or camp of confinement or the boundaries of the penitentiary as a whole, or shall escape or attempt to escape from custody before confinement therein, he shall, upon conviction, be punished by imprisonment in such prison for a term not exceeding five (5) years, to commence from and after the expiration of the original term of his imprisonment as extended in consequence of such escape or attempted escape.

Any convict who is entrusted to leave the boundaries of confinement by authorities of the Mississippi Department of Corrections or by the Governor, and who willfully fails to return within the stipulated time, or after the accomplishment of the purpose for which he was entrusted to leave, shall be an escapee and, upon conviction, shall be subject to the penalties provided under this section.

The other statute, Miss. Code Ann. § 97-9-49 (Supp. 2004) currently provides:

(1) Whoever escapes or attempts by force or violence to escape from any jail in which he is confined, or from any custody under or by virtue of any process issued under the laws of the State of Mississippi by any court or judge, or from the custody of a sheriff or other peace officer pursuant to lawful arrest, shall, upon conviction, if the confinement or custody is by virtue of an arrest on a charge of felony, or conviction of a felony, be punished by imprisonment in the penitentiary not exceeding five (5) years to commence at the expiration of his former sentence, or, if the confinement or custody is by virtue of an arrest of or charge for or conviction of a misdemeanor, be punished by imprisonment in the county jail not exceeding one (1) year to commence at the expiration of the sentence which the court has imposed or which may be imposed for the crime for which he is charged.

(2) Anyone confined in any jail who is entrusted by any authorized person to leave the jail for any purpose and who willfully fails to return to the jail within the stipulated time, or after the accomplishment of the purpose for which he was entrusted to leave, shall be an escapee and shall be subject to the penalties provided in subsection (1).

However, prior to its amendment in 2002, subsection (2) provided:

Anyone confined in any jail who is entrusted by any authorized person to leave the jail for any purpose and who willfully fails to return to the jail within the stipulated time, or after the accomplishment of the purpose for which he was entrusted to leave, shall be an escapee and may be punished by the addition of not exceeding six (6) months to his original sentence.

4

Miss. Code Ann. § 97-9-49 (2) (Supp. 2001).

¶8.     Jenkins contends that his indictment referenced no particular code section and that he should have been sentenced under the statute with the lesser sentence.   Generally, when facts constituting an offense may violate two or more statutes or, where there is substantial doubt as to which statute applies, then a sentencing court must apply the statute which imposes the lesser punishment.   *Beckham v. State*, 556 So. 2d 342, 343 (Miss. 1990).   The State is not obligated to prosecute under the statute with the lesser penalty but may choose to proceed under either statute so long as the choice is clear and unequivocal.   *Cumbest v. State*, 456 So. 2d 209, 222 (Miss. 1984).   However, if   the indictment is ambiguous as to which statute applies, the defendant may only be punished under the statute with the lesser penalty.   *Weaver v. State*, 497 So. 2d 1089, 1092 (Miss. 1984).   In the present case, the indictment charged that Shannon Jenkins alias Slink:

> late of the County aforesaid, on or about the 16th day of May 1999, in the County aforesaid, did unlawfully, willfully and feloniously, escape from the custody of the Oktibbeha County jail wherein he had been confined by virtue of a conviction for the crime of Vehicular Manslaughter; a felony, contrary to the form of the statutes made and provided, and against the peace and dignity of the State of Mississippi.

¶9.     It is clear that no particular statute is referenced in the text of the indictment.   In fact, the indictment plainly recites that the offense was committed "contrary to the form of the statutes made and provided."   In *Cunningham v. State*, 478 So. 2d 308 (Miss. 1985),   the defendant had been convicted of rape and sentenced to life in prison but was being held in the county jail pending appeal.   Cunningham and two others escaped from the jail but Cunningham was caught.   The indictment against him charged the offense of escape but enumerated no

5

specific statute. The trial judge sentenced him to an additional five years in prison pursuant to Miss. Code Ann. § 97-9-45. On appeal, this Court reasoned that one statute might apply because Cunningham had been sentenced to the penitentiary while the other statute might be equally applicable because he had escaped from a county jail. This Court reversed the five year sentence upon finding that Cunningham should have been sentenced under the statute with the lesser punishment. 478 So. 2d at 309.

¶10. Likewise, in *State v. Bradford*, 522 So. 2d 227 (Miss. 1988), this Court found that a trustee who simply walked away from assignment should have been sentenced to the penalty of not in excess of six months as prescribed by subsection (2) of Miss. Code Ann. § 97-9-49 rather than five years as allowed by subsection (1).

¶11. Like Cunningham, Jenkins was a state prisoner temporarily housed in a county jail and, like Bradford, Jenkins held trustee status and simply walked away from his assignment. Also like Cunningham, Jenkins's indictment specified no particular statute to have been violated. Consequently, Jenkins should have been sentenced to no more than six months for escape. The Court of Appeals' decision to affirm the sentence was in error.

## CONCLUSION

¶12. We affirm the Court of Appeals' judgment to the extent that it affirmed Jenkins's conviction for escape. However, we reverse the Court of Appeals' judgment to the extent that it affirmed the sentence of five years in the custody of the Mississippi Department of Corrections. We affirm Jenkins's conviction for escape. We reverse Jenkins's sentence of five years in the custody of the Mississippi Department of Corrections, and remand this case to the

Oktibbeha County Circuit Court for re-sentencing under Miss. Code Ann. § 97-9-49 (Supp. 2001) for up to six (6) months in addition to his original sentence.

¶13.    **THE JUDGMENT OF THE COURT OF APPEALS IS AFFIRMED IN PART AND REVERSED IN PART. CONVICTION OF ESCAPE IS AFFIRMED. SENTENCE OF FIVE YEARS IS REVERSED AND THIS CASE IS REMANDED TO THE CIRCUIT COURT OF OKTIBBEHA COUNTY FOR RE-SENTENCING UNDER MISS. CODE ANN. § 97-7-49 (SUPP. 2001).**

**SMITH, C.J., WALLER AND COBB, P.JJ., CARLSON AND DICKINSON, JJ., CONCUR. EASLEY, J., DISSENTS WITHOUT SEPARATE WRITTEN OPINION. RANDOLPH, J., DISSENTS WITH SEPARATE WRITTEN OPINION. DIAZ, J., NOT PARTICIPATING.**

**RANDOLPH, JUSTICE, DISSENTING**:

¶14.    Because the majority reverses the Court of Appeals' finding that Jenkins was sufficiently put on notice that he was charged with felony escape, I respectfully dissent.  I find that Jenkins had sufficient notice that he was charged with Miss. Code Ann. §97-9-45, which reads as follows:

> If any person sentenced to the Mississippi Department of Corrections for any term shall escape or attempt to escape from his particular unit or camp of confinement or the boundaries of the penitentiary as a whole, or shall escape or attempt to escape from custody before confinement therein, he shall, upon conviction, be punished by imprisonment in such prison for a term not exceeding five (5) years, to commence from and after the expiration of the original term of his imprisonment as extended in consequence of such escape or attempted escape.
> Any convict who is entrusted to leave the boundaries of confinement by authorities of the Mississippi Department of Corrections or by the Governor, and who willfully fails to return within the stipulated time, or after the accomplishment of the purpose for which he was entrusted to leave, shall be an escapee and, upon conviction, shall be subject to the penalties provided under this section.

(emphasis added).

¶15.	According to Uniform Circuit and County Court Rule 7.06, the requirement for an effective indictment is as follows:

> The indictment upon which the defendant is to be tried shall be a plain, concise and definite written statement of the essential facts constituting the offense charged and shall fully notify the defendant of the nature and cause of the accusation.  Formal and technical words are not necessary in an indictment, if the offense can be substantially described without them.

After reviewing indictment, it is apparent that Jenkins was fully notified of the nature and cause of the accusation against him, felony escape.  The indictment stated in part:  "Shannon Jenkins . . .did unlawfully, wilfully, and **feloniously**, escape from the custody of the Oktibbeha County Jail (emphasis added).  Felony is defined as, any violation of law punished with death or confinement in the penitentiary.  Miss. Code Ann. § 1-3-11 (1972).  The word feloniously is used in the indictment which necessarily notified the defendant that if found guilty, his sentence was to be over a year in length.  Therefore, he had sufficient notice that Miss. Code Ann. § 97-9-45 applied which would sentence him for a maximum term of five years.

¶16.	The Court of Appeals was correct in stating that,

> ¶ 15. Under Mississippi Code Annotated Section 97-9-45, the State was required to prove: (1) that Jenkins was sentenced to the Mississippi Department of Corrections for any term; (2) that Jenkins escaped or attempted to escape from his particular unit or camp of confinement or the boundaries of the penitentiary; or (3) that Jenkins escaped or attempted to escape before confinement.
> ¶ 16. The State offered proof that (1) Jenkins had been convicted of vehicular homicide and sentenced to the custody of the Mississippi Department of Corrections, (2) pending transportation to Parchman, he was housed at the Oktibbeha County Jail, and (3) that he escaped from the jail.
> ¶ 17. Jenkins was adequately informed by the indictment of the nature of the charge against him and the supporting facts.

8

*Jenkins v. State,* 881 So.2d 870, 874 -875 (Miss. Ct. App. 2003).

¶17.   For these reasons, I respectfully dissent.  I agree and would affirm the judgments of the Circuit Court and the Court of Appeals.