978 So.2d 1281 (2008)
Edward D. FLOWERS, Appellant
v.
STATE of Mississippi, Appellee.
No. 2006-CP-01844-COA.
Court of Appeals of Mississippi.
April 8, 2008.
Edward D. Flowers, pro se.
Office of the Attorney General by John R. Henry, attorney for appellee.
Before LEE, P.J., CHANDLER and BARNES, JJ.
CHANDLER, J., for the Court.
¶ 1. Edward D. Flowers filed a pro se motion for post-conviction relief (PCR) in the Circuit Court of Washington County. The PCR collaterally attacked Flowers's conviction for armed robbery. Flowers argued that: (1) he was denied due process because the trial court failed to advise him of his right to appeal his sentence; (2) *1283 there was no factual basis for his guilty plea; (3) the indictment was defective because it failed to identify the judicial district; (4) he received ineffective assistance of counsel; and (5) he was denied due process because the State prosecuted him for the greater of the two offenses for which he was indicted. The circuit court found each of these issues to be without merit and dismissed Flowers's PCR.
¶ 2. Flowers appeals, asserting the same errors assigned in his PCR. Because the record reflects that Flowers's PCR is procedurally barred as a successive writ, we affirm the circuit court, but on different grounds.

FACTS
¶ 3. The circuit court accepted Flowers's guilty plea to armed robbery on July 29, 1999. On October 12, 1999, the circuit court sentenced Flowers to twenty years in the custody of the Mississippi Department of Corrections, with five years suspended to be served on supervised probation. The record on appeal shows that Flowers timely filed a PCR seeking relief from this conviction; relief was denied, and Flowers appealed. This Court affirmed the denial of the PCR on January 22, 2002. The record on appeal also includes a copy of portions of a second PCR concerning the armed robbery conviction that Flowers filed on September 22, 2004.
¶ 4. Flowers filed the instant PCR on November 30, 2005. In the PCR, Flowers stated, "Petitioner has not previously filed any post-conviction [claim] in any state or federal court in regards to the same claims set out on this post conviction. These claims are based upon fundamental plain errors and are excepted from any procedural bar which would otherwise be applicable." The circuit court addressed each of Flowers's issues and found them to be without merit. The circuit court summarily dismissed Flowers's PCR pursuant to Mississippi Code Annotated section 99-39-11(2) (Rev.2007). Flowers now appeals.

STANDARD OF REVIEW
¶ 5. The circuit court may summarily dismiss a PCR "[i]f it plainly appears from the face of the motion, any annexed exhibits and the prior proceedings in the case that the movant is not entitled to any relief." Miss.Code Ann. § 99-39-11(2). On appeal, this Court will affirm the summary dismissal of a PCR if the petitioner has failed to demonstrate "a claim procedurally alive substantially showing [the] denial of a state or federal right. . . ." Young v. State, 731 So.2d 1120, 1122(¶ 9) (Miss.1999) (quoting Myers v. State, 583 So.2d 174, 176 (Miss.1991)).

LAW AND ANALYSIS
DID THE CIRCUIT COURT ERR BY DISMISSING FLOWERS'S PCR?
¶ 6. The record reflects that the PCR that is the subject of this appeal was Flowers's third PCR attacking his armed robbery conviction. Mississippi Code Annotated section 99-39-23(6) (Rev.2007) states that: "any order dismissing the prisoner's motion or otherwise denying relief under this article is a final judgment and shall be conclusive until reversed. It shall be a bar to a second or successive motion under this article." The statute provides exceptions to the successive pleadings bar, stating:
Excepted from this prohibition is a motion filed pursuant to Section 99-19-57(2), Mississippi Code of 1972, raising the issue of the convict's supervening insanity prior to the execution of a sentence of death. . . . Likewise excepted from this prohibition are those cases in which the prisoner can demonstrate either that there has been an intervening *1284 decision of the Supreme Court of either the State of Mississippi or the United States which would have actually adversely affected the outcome of his conviction or sentence or that he has evidence, not reasonably discoverable at the time of trial, which is of such nature that it would be practically conclusive that had such been introduced at trial it would have caused a different result in the conviction or sentence. Likewise excepted are those cases in which the prisoner claims that his sentence has expired or his probation, parole or conditional release has been unlawfully revoked.
Miss.Code Ann. § 99-39-23(6).
¶ 7. Flowers's PCR does not fall within any of these statutory exceptions. Flowers did not raise the issue of his supervening insanity pending the execution of a sentence of death. Nor did he seek to demonstrate that an intervening decision of the Mississippi Supreme Court or the United States Supreme Court would have actually adversely affected the outcome of his conviction or sentence. Flowers did not assert newly discovered evidence, and he did not claim that his sentence has expired or that his probation, parole, or conditional release has been unlawfully revoked. Therefore, Flowers's PCR was procedurally barred as a successive motion.
¶ 8. Flowers argues that the PCR was not subject to the successive pleadings bar because the State waived the defense of the successive pleadings bar by failing to raise it before the circuit court. He contends that because of the State's waiver, the circuit court could not have applied the bar, and neither can this Court on appeal. He also argues that two of his issues raise the violation of his fundamental rights, which are not subject to procedural bars. We discuss each of Flowers's contentions in turn.
¶ 9. The State's failure to raise the successive pleadings bar in no way impeded the circuit court's ability to apply the bar to Flowers's PCR. It is the role of the circuit court to conduct a facial review of the motion, any exhibits, and the prior proceedings in the case to determine whether the PCR is sufficient to survive summary dismissal. Miss.Code Ann. § 99-39-11(2). Under Mississippi Code Annotated section 99-39-11(3) (Rev.2007), it is only if the PCR has survived summary dismissal that the circuit court "shall order the state to file an answer or other pleading." The statute clearly establishes a procedure whereby the circuit court, without input from the State, must conduct an initial evaluation of the procedural viability of the PCR. Miss.Code Ann. § 99-39-11. This evaluation necessarily includes the circuit court's consideration of the applicability of the successive pleadings bar.
¶ 10. The supreme court has held that "[e]rrors affecting fundamental constitutional rights may be excepted from procedural bars which would otherwise prohibit their consideration." Luckett v. State, 582 So.2d 428, 430 (Miss.1991). Flowers argues that two of his issues raise due process violations not subject to a procedural bar. These issues are: (1) that the circuit court failed to inform him of the right to directly appeal his sentence and (2) that the State prosecuted him for the greater of the two offenses for which he was indicted when the law allowed his prosecution only for the lesser offense.
¶ 11. Concerning Flowers's first issue, Mississippi Code Annotated section 99-35-101 (Rev.2007) states that: "Any person convicted of an offense in a circuit court may appeal to the supreme court, provided, however, an appeal from the circuit court to the supreme court shall not *1285 be allowed in any case where the defendant enters a plea of guilty." At the plea hearing, the circuit court informed Flowers that a guilty plea waives the right to appeal. Flowers argues that this advice was error because he had the right to appeal from his sentence. It is true that, while section 99-35-101 prevents a defendant from appealing his guilty plea itself, a defendant may pursue a direct appeal asserting the illegality of the sentence imposed pursuant to his guilty plea. Jennings v. State, 896 So.2d 374, 377(¶ 16) (Miss.Ct.App.2004). However, Flowers does not assert that he received an illegal sentence from which he would have appealed had he possessed the requisite knowledge. Therefore, Flowers has not substantially shown a violation of a fundamental right that would except this issue from the procedural bar. See id. at 377(¶ 17).
¶ 12. In Flowers's second issue, he avers that he was indicted for aggravated assault and armed robbery in a multi-count indictment. He argues that, pursuant to Cunningham v. State, 478 So.2d 308 (Miss.1985), the State was only allowed to prosecute him for the lesser crime of aggravated assault. Again, Flowers's allegations do not substantially show any violation of a fundamental right. A review of Flowers's indictment reveals that he was charged with a single count of armed robbery. And, Cunningham does not stand for the proposition urged by Flowers. Cunningham holds that, when facts constituting an offense may violate two statutes and the indictment is ambiguous as to under which statute the defendant is charged, the court must apply the statute that imposes the lesser punishment. Id. at 310. There was no ambiguity in Flowers's charge of armed robbery, and Cunningham is wholly inapplicable to his situation. Flowers's argument that his PCR should be excepted from the procedural bar is without merit.
¶ 13. Flowers's PCR was barred as a successive pleading. Though the circuit court dismissed the PCR on different grounds, it is customary for an appellate court, in the interest of judicial economy, to affirm a decision of the circuit court that reached the right result, but for the wrong reason. Jackson v. State, 811 So.2d 340, 342(¶ 6) (Miss.Ct.App.2001) (citing Puckett v. Stuckey, 633 So.2d 978, 980 (Miss.1993)). Therefore, we affirm the dismissal of Flowers's PCR.
¶ 14. THE JUDGMENT OF THE CIRCUIT COURT OF WASHINGTON COUNTY DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO WASHINGTON COUNTY.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, GRIFFIS, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR.